## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STUDENT A, individually and on behalf of all others similarly situated,<br><br>                          Plaintiff,<br><br>   v.<br><br>HARVARD UNIVERSITY,<br><br>                          Defendant. | Civil Action No.<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Student A ("Plaintiff") brings this action on behalf of herself and all others similarly situated against Defendant Harvard University ("Harvard" or "Defendant"). Plaintiff makes the following allegations pursuant to the investigation of her counsel and based upon information and belief, except as to the allegations specifically pertaining to herself, which are based on personal knowledge.

### NATURE OF THE ACTION AND FACTS COMMON TO ALL CLAIMS

1.      This is a class action lawsuit on behalf of all people who paid tuition and fees for the Spring 2020 academic semester at Harvard, and who, because of Defendant's response to the Novel Coronavirus Disease 2019 ("COVID-19") pandemic, lost the benefit of the education for which they paid, and/or the services for which their fees paid, without having their tuition and fees refunded to them.

2.      Harvard is one of the country's most prestigious private universities, with an enrollment of over 20,700 students. Harvard offers 50 different undergraduate fields of concentration (majors), in addition to 134 graduate degrees and 32 professional degrees.

3.      On March 10, 2020, Harvard announced on its website that beginning March 23, 2020 (the first day back from Spring Recess), it will transition to virtual instruction for

undergraduate and graduate classes until further notice.[1]

4.      Thus, Harvard has not held any in-person classes since March 13, 2020.  Classes that have continued have only been offered in an online format, with no in-person instruction.

5.      As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Student A and the putative class contracted and paid for.  The online learning options being offered to Harvard students are subpar in practically every aspect, from the lack of facilities, materials, and access to faculty. Students have been deprived of the opportunity for collaborative learning and in-person dialogue, feedback, and critique.  The remote learning options are in no way the equivalent of the in-person education that Plaintiff and the putative class members contracted and paid for.

6.      Nonetheless, Harvard has not refunded any tuition or mandatory fees for the Spring 2020 semester.

7.      Plaintiff and the putative class are therefore entitled to a refund of tuition and fees for in-person educational services, facilities, access and/or opportunities that Defendant has not provided.  Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

8.      Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided. Plaintiff seeks a return of these amounts on behalf of herself and the Class as defined below.

---

[1] https://www.harvard.edu/covid-19-moving-classes-online-other-updates

## PARTIES

9.      Plaintiff Student A is a citizen of the United States, and a citizen of the State of North Carolina.  Plaintiff is a graduate student at Harvard who paid approximately $11,422 to Defendant in tuition and a Health Fee for the Spring 2020 semester.  Plaintiff has not received a refund for any portion of the Spring Semester 2020 tuition, or for the Health Fee paid, despite that in-person classes have not been held since March 13, 2020 and the campus has been effectively shut down.  Since classes have switched to online format, Plaintiff has not received the benefit of in-person instruction or equivalent access to university facilities and services. None of these resources are available to Plaintiff while in-person classes have been suspended through the end of the Spring Semester.

10.     Plaintiff proceeds as Student A due to a reasonable fear of retaliation and harassment from Harvard and its supporters, for proceeding with this claim.

11.     Defendant Harvard University is a private university with its principal place of business at 1350 Massachusetts Avenue, Suite 450, Cambridge, Massachusetts, 02138.

## JURISDICTION AND VENUE

12.     The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

13.     This Court has personal jurisdiction over Defendant because it is headquartered in this District, and many of the acts and transactions giving rise to this action occurred in this District.

14.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because many of the acts and transactions giving rise to this action occurred in this District, and because Defendant is a resident of this District.  Specifically, the contract that is the subject of this action was formed in this District.

## FACTUAL ALLEGATIONS

### *Plaintiff And Class Members Paid Tuition And Fees For Spring Semester 2020*

15.     Plaintiff and Class members are individuals who paid the cost of tuition and other fees for the Spring 2020 Semester at Harvard.

16.     Spring Semester 2020 classes at Harvard began on or about January 27, 2020. Classes for the semester are scheduled to end on or around May 16, 2020.

17.     Plaintiff and Class members paid the cost of tuition for the Spring Semester 2020. They also paid other fees associated with the Spring Semester 2020.

18.     Spring 2020 undergraduate tuition at Harvard is approximately $23,865.  Other fees include but are not limited to a Student Health Fee, Student Services Fee, and a Student Activity Fee.

19.     Spring 2020 graduate tuition at Harvard varies on area of study and year of study, but most PhD and Master's programs charge $24,004 per semester for the first two years of study.  Harvard Business School costs approximately $36,720 for the Spring 2020 semester, and Harvard Law School costs approximately $32,937 for the Spring 2020 semester.  Graduate students are also charged fees similar to the undergraduate fees listed above.

20.     The tuition and fees described in the paragraph above is provided by way of example; total damage amounts – which may include other fees that are not listed herein but that were not refunded – will be proven at trial.

### *In Response To COVID-19, Harvard Cancelled All In-Person Classes*

21.     On March 10, 2020, Harvard announced that because of the global COVID-19 pandemic, beginning Monday, March 23 (the first day back from Spring Recess) classes would be transitioned to remote instruction until further notice.

22.     Since approximately March 13, 2020, Harvard has not held any in-person classes. Classes that have continued have only been offered in an online format, with no in-person instruction. Even classes for students with concentrations in areas where in-person instruction is especially crucial have only had access to minimum online education options.

23.     As a result of the closure of Defendant's facilities, Defendant has not delivered the educational services, facilities, access and/or opportunities that Plaintiff and the putative class contracted and paid for. Plaintiff and the putative class are therefore entitled to a refund of all tuition and fees for services, facilities, access and/or opportunities that Defendant has not provided. Even if Defendant did not have a choice in cancelling in-person classes, it nevertheless has improperly retained funds for services it is not providing.

24.     Plaintiff and members of the Class did not choose to attend an online institution of higher learning, but instead chose to attend Defendant's institution and enroll on an in-person basis.

25.     Defendant markets its on-campus experience as a benefit of enrollment on

Harvard's website:

> Harvard's campus creates a stunning backdrop for all that happens within the University.
>
> Harvard offers unparalleled resources to the University community, including libraries, laboratories, museums, and research centers to support scholarly work in nearly any field or discipline.
>
> The Harvard student experience is characterized by unlimited possibilities. Opportunities abound inside the classroom and out, with over 8,000 courses from over 100 departments and countless research programs. Here, undergraduate students have access to almost every extracurricular program imaginable and the largest Division 1 Athletics Program in the country. And after graduation, students join the Harvard Alumni Association, which includes nearly 360,000 alumni worldwide.

26.     The online learning options being offered to Harvard students are subpar in

practically every aspect and a shadow of what they once were, including the lack of facilities,

materials, and access to faculty.  Students have been deprived of the opportunity for

collaborative learning and in-person dialogue, feedback, and critique.

27.     The remote learning options are in no way the equivalent of the in-person

education putative class members contracted and paid for.  The remote education being provided

is not even remotely worth the amount charged class members for Spring Semester 2020 tuition.

The tuition and fees for in-person instruction at Harvard are higher than tuition and fees for its

other online courses/programs because such costs cover not just the academic instruction, but

encompass an entirely different experience which includes but is not limited to:

- Face to face interaction with professors, mentors, and peers;

- Access to facilities such as libraries, laboratories, computer labs, and study room;

- Student governance and student unions;

- Extra-curricular activities, groups, intramural sports, etc.;

- Student art, cultures, and other activities;

- Social development and independence;

- Hands on learning and experimentation;

- Networking and mentorship opportunities.

28.     Through this lawsuit Plaintiff seeks, for herself and Class members, Defendant's disgorgement of the pro-rated portion of tuition and fees, proportionate to the amount of time that remained in the Spring Semester 2020 when classes moved online and campus services ceased being provided.  Plaintiff seeks return of these amounts on behalf of herself and the Class as defined below.

## CLASS ALLEGATIONS

29.     Plaintiff seeks to represent a class defined as all people who paid Harvard Spring Semester 2020 tuition and/or fees for in-person educational services that Harvard failed to provide, and whose tuition and fees have not been refunded (the "Class").  Specifically excluded from the Class are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

30.     Subject to additional information obtained through further investigation and discovery, the foregoing definition of the Class may be expanded or narrowed by amendment or amended complaint.

31.     **Numerosity.**  The members of the Class are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable.  Upon information and belief, Plaintiff reasonably estimates that there are tens of thousands of members in the Class.  Although the precise number of Class members is unknown to Plaintiff, the true number of Class members is known by Defendant and may be determined through discovery.  Class members may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

32.     **Existence and predominance of common questions of law and fact.**  Common questions of law and fact exist as to all members of the Class and predominate over any questions affecting only individual Class members.  These common legal and factual questions include, but are not limited to, the following:

(a)     whether Defendant accepted money from Class members in exchange for the promise to provide services;

(b)     whether Defendant has provided the services for which Class members contracted;

(c)     whether Class members are entitled to a refund for that portion of the tuition and fees that was contracted for services that Defendant did not provide.

(d)     whether Defendant has unlawfully converted money from Plaintiff, the Class; and

(e)     whether Defendant is liable to Plaintiff and the Class for unjust enrichment.

33.   **Typicality.**  Plaintiff's claims are typical of the claims of the other members of the Class in that, among other things, all Class members were similarly situated and were comparably injured through Defendant's wrongful conduct as set forth herein.  Further, there are no defenses available to Defendant that are unique to Plaintiff.

34.   **Adequacy of Representation.**  Plaintiff will fairly and adequately protect the interests of the Class.  Plaintiff has retained counsel that is highly experienced in complex consumer class action litigation, and Plaintiff intends to vigorously prosecute this action on behalf of the Class.  Furthermore, Plaintiff has no interests that are antagonistic to those of the Class.

35.   **Superiority.**   A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by individual Class members are relatively small compared to the burden and expense of individual litigation of their claims against Defendant.  It would, thus, be virtually impossible for the Class on an individual basis, to obtain effective redress for the wrongs committed against them.  Furthermore, even if Class members could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts.  Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

36.   In the alternative, the Class may also be certified because:

(a)   the prosecution of separate actions by individual Class members would create

a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for the Defendant;

(b)     the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)     Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

**COUNT I**
**Breach Of Contract**
**(On Behalf Of The Class)**

37.     Plaintiff hereby incorporates by reference the allegations contained in all preceding paragraphs of this complaint.

38.     Plaintiff brings this claim individually and on behalf of the members of the Class against Defendant.

39.     Through the admission agreement and payment of tuition and fees, Plaintiff and each member of the Class entered into a binding contract with Defendant.

40.     As part of the contract, and in exchange for the aforementioned consideration, Defendant promised to provide certain services, all as set forth above.  Plaintiff and Class members fulfilled their end of the bargain when they paid monies due for Spring Semester 2020 tuition.  Tuition for Spring Semester 2020 was intended to cover in-person educational services

from January through May 2020.  In exchange for tuition monies paid, Class members were

entitled to in-person educational services through the end of the Spring Semester.

41.     Defendant has failed to provide the contracted for services and has otherwise not

performed under the contract as set forth above.  Defendant has retained monies paid by Plaintiff

and the Class for their Spring Semester 2020 tuition and fees, without providing them the benefit

of their bargain.

42.     Plaintiff and members of the Class have suffered damage as a direct and

proximate result of Defendant's breach, including but not limited to being deprived of the

education, experience, and services to which they were promised and for which they have

already paid.

43.     As a direct and proximate result of Defendant's breach, Plaintiff and the Class are

entitled to damages, to be decided by the trier of fact in this action, to include but not be limited

to reimbursement of certain tuition, fees, and other expenses that were collected by Defendant

for services that Defendant has failed to deliver.  Defendant should return the pro-rated portion

of any Spring Semester 2020 tuition and fees for education services not provided since Harvard

has not held in-person classes since March 13, 2020.

44.     Defendant's performance under the contract is not excused due to COVID-19.

Indeed, Defendant should have refunded the pro-rated portion of any monies paid for education

services not provided.  Even if performance was excused or impossible, Defendant would

nevertheless be required to return the funds received for services it will not provide.

### COUNT II
### Unjust Enrichment
### (On Behalf Of The Class)

45.     Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

46.     Plaintiff brings this claim individually and on behalf of the members of the Class

against Defendant.

47.     Plaintiff and members of the Class conferred a benefit on Defendant in the form

of monies paid for Spring Semester 2020 tuition and other fees in exchange for certain service

and promises.  Tuition for Spring Semester 2020 was intended to cover in-person educational

services from January through May 2020.  In exchange for tuition monies paid, Class members

were entitled to in-person educational services through the end of the Spring Semester.

48.     Defendant voluntarily accepted and retained this benefit by accepting payment,

and Defendant had an appreciation or knowledge of such benefit being accepted and retained

without having provided the corresponding services.

49.     Defendant has retained this benefit, even though Defendant has failed to provide

the education, experience, and services for which the tuition and fees were collected, making

Defendant's retention unjust under the circumstances.  Accordingly, Defendant should return the

pro-rated portion of any Spring Semester 2020 tuition and fees for education services not

provided since Harvard has not held in-person classes since March 13, 2020.

50.     It would be unjust and inequitable for Defendant to retain the benefit, and

Defendant should be required to disgorge this unjust enrichment.

## COUNT III
### Conversion
### (On Behalf Of The Class)

51.     Plaintiff hereby incorporates by reference the allegations contained in all

preceding paragraphs of this complaint.

52.     Plaintiff brings this claim individually and on behalf of the members of the Class

against Defendant.

53.    Plaintiff and members of the Class have an ownership right to the in-person educational services they were supposed to be provided in exchange for their Spring Semester 2020 tuition and fee payments to Defendant.

54.    Defendant intentionally interfered with the rights of Plaintiff and the Class when it moved all classes to an online format and discontinued in-person educational services for which tuition and fees were intended to pay.

55.    Plaintiff and members of the Class demand the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Harvard has not held in-person classes since March 13, 2020.

56.    Defendant's retention of the fees paid by Plaintiff and members of the Class without providing the educational services for which they paid, deprived Plaintiff and Class members of the benefits for which the tuition and fees paid.

57.    This interference with the services for which Plaintiff and members of the Class paid damaged Plaintiff and Class members in that they paid tuition and fees for services that will not be provided.

58.    Plaintiff and Class members are entitled to the return of the pro-rated portion of any Spring Semester 2020 tuition and fees for education services not provided since Harvard has not held in-person classes since March 13, 2020.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a)    For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and Plaintiff's attorneys as Class Counsel to represent the Class;

(b)    For an order finding in favor of Plaintiff and the Class on all counts asserted herein;

(c)    For compensatory and punitive damages in amounts to be determined by the Court and/or jury;

(d)    For prejudgment interest on all amounts awarded;

(e)    For an order of restitution and all other forms of equitable monetary relief;

(f)    For injunctive relief as pleaded or as the Court may deem proper; and

(g)    For an order awarding Plaintiff and the Class their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

Dated: May 20, 2020                    Respectfully submitted,

**PASTOR LAW OFFICE LLP**

By:  */s/* David Pastor
David Pastor (BBO # 391000)
63 Atlantic Avenue, 3rd Floor
Boston, MA  02110
Telephone: (617) 742-9700
Facsimile: (617) 742-9701
Email: dpastor@pastorlawoffice.com


**BURSOR & FISHER, P.A.**
Frederick J. Klorczyk III (*pro hac* forthcoming)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: fklorczyk@bursor.com

**BURSOR & FISHER, P.A.**
Alec M. Leslie (*pro hac* forthcoming)
888 Seventh Avenue
New York, NY  10019
Telephone: (646) 837-7150
Facsimile: (212) 989-9163
Email:  pfraietta@bursor.com

*Attorneys for Plaintiff*