**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS**

STUDENT A, individually and on behalf of others similarly situated,

Plaintiff,

v.

HARVARD UNIVERSITY,

Defendant.

Related Action:
*Barkhordar v. Harvard University*, 1:20-cv-11203-IT

**Civil Action No. 1:20-cv-10968-IT**

**JOINT MOTION TO CONSOLIDATE RELATED CASES AND SET SCHEDULE FOR THE CONSOLIDATED CLASS ACTION COMPLAINT**

## I.   INTRODUCTION

Pending before the Court are two separately filed, but related, cases against Harvard University (collectively the "Class Actions"): *Student A v. Harvard University*, 1:20-cv-10968-IT (filed May 20, 2020) and *Barkhordar v. Harvard University*, 1:20-cv-11203-IT (filed June 22, 2020). Consolidation of the Class Actions under Rule 42(a)(2) and Local Rule 40.1(j) is appropriate because the two cases involve common parties and allege similar facts and legal claims. Consolidation will also enable this Court to conduct proceedings in one combined action, ensuring that the Class Actions are adjudicated efficiently. Plaintiffs and Defendant therefore jointly and respectfully request that this Court enter an Order: (1) consolidating the Class Actions for all purposes, including discovery and trial; (2) vacating the existing briefing schedule and preliminary status conference in the *Student A* matter; (3) directing the filing of a Consolidated Class Action Complaint within twenty-eight (28) days of entry of this Court's consolidation order; (4) directing Harvard to answer or otherwise respond to the Consolidated Class Action Complaint twenty-eight (28) days following the filing of the Consolidated Class Action Complaint; and (5) setting a new date for a preliminary status conference within forty-five (45) days following the filing of the Consolidated Class Action Complaint.

## II.   ARGUMENT

Consolidation is appropriate under Fed. R. Civ. P. 42(a) and Local Rule 40.1(j) because the Class Actions involve common parties and similar issues of law and fact. First, Harvard is the sole named Defendant in both cases. Second, the putative representatives in each of the Class Actions seek to represent a similar class of students or other individuals paying Defendant tuition, fees, and/or room and board for the Spring 2020 semester. Third, the Class Actions arise out of similar circumstances—Defendant's alleged failure to issue certain refunds to students for

transitioning to remote teaching and learning due to the COVID-19 pandemic. Finally, Plaintiffs in the Class Actions bring similar legal claims, each alleging state-law breach of contract, unjust enrichment/restitution based on quasi-contract, and conversion. As the below table demonstrates, the two cases are substantially similar.

| Case | Proposed Class[1] | Cause of Action |
|---|---|---|
| *Student A* | "Plaintiff seeks to represent a class defined as all people who paid Harvard Spring Semester 2020 tuition and/or fees for in-person educational services that Harvard failed to provide, and whose tuition and fees have not been refunded (the 'Class')."<br><br>(*Student A*, ECF 1 at ¶ 29) | 1. Breach of Contract<br>2. Unjust Enrichment<br>3. Conversion |
| *Barkhordar* | Plaintiff seeks to represent "[a]ll people paying tuition to one of Harvard's 12 degree-granting schools in whole or in part, personally and/or on behalf of others, for on-campus instruction during the Spring 2020 Term."<br><br>(*Barkhordar*, ECF No. 1 at ¶ 73) | 1. Breach of Contract<br>2. Unjust Enrichment<br>3. Conversion |

Under the Federal Rules of Civil Procedure, courts may consolidate two or more related actions, where, as here, the actions involve at least one common question of law or fact. Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the

[1] Should consolidation occur, counsel for Plaintiffs intend to agree to one class definition.

actions; or (3) issue any other orders to avoid unnecessary cost or delay.”).[2]

The Court of Appeals for the First Circuit has explained that “a motion for consolidation will usually be granted unless the party opposing it can show ‘demonstrable prejudice.’” *Seguro de Servicio de Salud de Puerto Rico v. McAuto Sys. Grp., Inc.*, 878 F.2d 5, 8 (1st Cir. 1989) (citation omitted). In evaluating a motion to consolidate, the court first determines “whether the two proceedings involve a common party or common issues of fact or law.” *Id.* “Once this determination is made, the trial court has broad discretion in weighing the costs and benefits of consolidation to decide whether that procedure is appropriate.” *Id.* The second inquiry turns on determining “the convenience or inconvenience to the parties, the judicial economy, the savings in time, effort or expense, and ‘any confusion, delay, or prejudice that may result from consolidation.’” *Tingley Sys., Inc. v. CSC Consulting, Inc.*, 152 F. Supp. 2d 95, 102 (D. Mass. 2001) (quoting *Data Gen. Corp. v. Grumman Sys. Support Corp.*, 834 F. Supp. 477, 487 (D. Mass. 1992)). Class action suits are “particularly well-suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.” *See Carr v. Analogic Corp.*, No. 18-cv-11301-ADB, 2018 WL 4932858, at *1 (D. Mass. Oct. 10, 2018) (quoting *Miami Police Relief & Pension Fund v. Fusion-io, Inc.*, No. 13-CV-05368-LHK, 2014 WL 2604991, at *3 (N.D. Cal. June 10, 2014)).

For the reasons described below, consolidation is appropriate here.

---

[2] Although Defendant agrees that the cases should be consolidated, Defendant does not agree that the cases involve “common” issues for purposes of Rule 23 and reserves its rights to oppose class certification (at the appropriate time) on that basis. Plaintiffs disagree with Defendant’s position.

**A. Both cases involve common parties.**

The threshold question of "common parties" is easily answered in the affirmative. Both lawsuits name Harvard as the sole defendant. In addition, the proposed classes in both lawsuits are virtually identical and include Defendant's students who paid tuition and/or fees during the Spring 2020 semester or any person who paid tuition and/or fees on behalf of these students.

**B. Both cases allege common legal claims and facts.**

Besides common parties, both lawsuits allege common facts and legal claims. As is clear on the face of both complaints, the claims arise out of the same set of operative facts: the Defendant's March 2020 decision to transition to remote teaching and learning in response to the COVID-19 pandemic. Furthermore, both cases raise similar allegations regarding alleged damages arising out of Defendant's transition to remote learning and the closure of campus facilities. *See, e.g.*, *In re PRI Automation, Inc. Sec. Litig.*, 145 F. Supp. 2d 138, 140 (D. Mass. 2001) (consolidating actions where the "complaint filed in each of these five cases is in essence the same complaint, including the same named defendant and the same allegations in support of the claims.").

In addition, both cases assert claims for breach of contract, unjust enrichment, and conversion.

**C. Consolidation will be more convenient to the parties, promote judicial economy and save resources.**

Consolidation of these substantively identical cases will promote convenience to the parties and judicial economy, and will save time, effort, and expense. *See Cruickshank v. Clean Seas Co.*, 402 F. Supp. 2d 328, 341 (D. Mass. 2005) (agreeing that consolidation of two cases involving "nearly identical facts" and "overlapping legal claims" would be "cost effective and less time consuming for the parties"); *see also Bettinelli v. Wells Fargo Home Mortg., Inc.*, No.

09-11079-MLW, 2010 WL 2998608, at *1 (D. Mass. July 23, 2010) (consolidating two class action complaints because of the "striking similarity" between the class allegations where the two cases would be subject to similar dispositive motion practice and class certification issues); *Gilliam v. Fidelity Mgmt. & Research Co.*, No. Civ. A 04-11600NG, 2005 WL 1288105, at *5 (D. Mass. May 3, 2005) (consolidating five similar class actions). Consolidation will also avoid the confusion, delay, and potential prejudice that might result if both cases proceed separately. The Class Actions are in their infancy, both cases were filed relatively recently and they are both pending before this Court. Defendant has not yet filed answers or dispositive motions in either case and discovery has not yet commenced. But even at this early stage, it is clear that the cases will require many of the same documents and witnesses given the overlapping complaints, which further favors consolidation. *See Americus Mortg. Corp. v. Mark*, No. 12-10158-GAO, 2013 WL 3106018, at *13 (D. Mass. June 17, 2013) (finding consolidation warranted because "it avoids conducting duplicate hearings and duplicate discovery").

Finally, consolidation will neither inconvenience the parties, nor delay the proceedings. Rather, consolidation will promote convenience and judicial economy for the parties and non-parties alike. Consolidation will also avoid confusion among absent putative class members. The facts and circumstances here warrant consolidation.

## III. AGREED BRIEFING SCHEDULE

Following an order consolidating the Class Actions, Plaintiffs and Defendant request that the Court vacate the existing briefing schedule and preliminary status conference in the *Student A* matter and set a twenty-eight (28) day deadline for Plaintiffs to file a Consolidated Class Action Complaint, with Defendant to respond to the Consolidated Class Action Complaint twenty-eight (28) days following the filing of the Consolidated Class Action Complaint.

## IV. CONCLUSION

To promote efficiency and judicial economy, and to avoid unnecessary costs and undue delay, Plaintiffs and Defendant jointly and respectfully request this Court enter an Order: (1) consolidating the Class Actions for all purposes, including discovery and trial; (2) vacating the existing briefing schedule and preliminary status conference in the *Student A* matter; (3) directing the filing of a Consolidated Class Action Complaint within twenty-eight (28) days of entry of the Court's consolidation order; (4) directing Defendant to answer or otherwise respond to the Consolidated Complaint twenty-eight (28) days following the filing of the Consolidated Complaint; and (5) setting a new date for a preliminary status conference within forty-five (45) days following the filing of the Consolidated Complaint.

Dated: July 20, 2020

Respectfully submitted

*/s/ David Pastor*

David Pastor (BBO # 391000)
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue 3rd Floor
Boston , MA 02110
T: 617-742-9700
F: 617-742-9701
Dpastor@pastorlawoffice.Com

Alec M. Leslie (*Pro Hac Vice*)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York , NY 10019
T: 646-837-7126
F: 212-989-9163
Aleslie@bursor.com

Frederick J. Klorczyk , III (*Pro Hac Vice*)
Bursor & Fisher, P.A
1990 North California Blvd., Suite 940
Walnut Creek , CA 94596
T: (925) 300-4455
F: (925) 407-2700
Fklorczyk@bursor.Com

*Attorneys for Plaintiff Student A*

*/s/ Daniel J. Kurowski (with permission)*

Kristie LaSalle (BBO #692891)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
(617) 482-3700
kristiel@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
(206) 623-7292
steve@hbsslaw.com

Daniel J. Kurowski (*Pro Hac Vice*)
Whitney K. Siehl (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
(708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

Warren T. Burns (*Pro Hac Vice* Forthcoming)
LeElle Slifer (*Pro Hac Vice* Forthcoming)
Russell G. Herman (*Pro Hac Vice* Forthcoming)
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
T: (469) 904-4550
F: (469) 444-5002
wburns@burnscharest.com
lslifer@burnscharest.com
rherman@burnscharest.com

*Attorneys for Plaintiff Barkhordar*

*/s/ Victoria L. Steinberg (with Permission)*
Rebecca M. O'Brien
Victoria L. Steinberg
TODD & WELD
One Federal Street 27th Floor
Boston , MA 02110
T: (617) 720-2626
Robrien@toddweld.Com
Vsteinberg@toddweld.Com

Anton Metlitsky (*Pro Hac Vice*)
Jennifer B. Sokoler (*Pro Hac Vice*)
O'MELVNEY & MEYERS LLP
Times Square Tower
7 Times Square
New York, NY 10036
T: (212) 326-2137
ametlitsky@omm.com
jsokoler@omm.com

Matthew Powers (*Pro Hac Vice*)
O'MELVNEY & MEYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 9411
mpowers@omm.com

*Attorneys for Defendant Harvard University*

**LOCAL RULE 7.1(A)(2) CERTIFICATE OF COMPLIANCE**

I hereby certify that on July 17, 2020, counsel for Plaintiff Student A and counsel for Plaintiff Barkhordar conferred with counsel for Defendant Harvard University. Defendant Harvard University does not oppose this motion as signified by the joint nature of the motion.

*/s/ David Pastor*
David Pastor

**CERTIFICATE OF SERVICE**

The undersigned attorney of record hereby certifies that the foregoing document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

Dated: July 20, 2020

*/s/ David Pastor*
David Pastor