UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABRAHAM BARKHORDAR, SARAH ZELASKY, AND ELLA WECHSLER-MATTHAEI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Defendant. | No. 1:20-cv-10968-IT |

**THE PARTIES' LOCAL RULE 16.1(d) JOINT STATEMENT**

Plaintiffs, Abraham Barkhordar, Sarah Zelasky, and Ella Wechsler-Matthaei, and Defendant, President and Fellows of Harvard College, by and through their undersigned counsel, hereby submit their Joint Statement per Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure, Rules 16.1(d) and 26.1 of the Local Rules for the District of Massachusetts, and this Court's Notice of Scheduling Conference dated September 9, 2020.

**A.     Meet and Confer.**

The parties met and conferred telephonically on September 10, 2020 to discuss (1) preparing an agenda of matters to be discussed at the scheduling conference, (2) preparing a proposed pretrial schedule for the case that includes a plan for discovery, and (3) considering whether they will consent to trial by a Magistrate Judge. The results of that conference, and follow-up meet and confer efforts, are set forth below.

**B.      Pending and Forthcoming Motions.**

On September 29, 2020, Harvard filed a motion to stay discovery (Dkt. 29), Plaintiffs filed their opposition on October 6, 2020 (Dkt. 32), and Harvard will request a reply, if necessary, on or before October 12, 2020 (see Dkt. 27 at 2; 28).

On September 23, 2020, Plaintiffs filed their First Amended Consolidated Class Action Complaint. Defendant's motion to dismiss will be filed on October 7, 2020. Per Local Rule 7.1(b)(2), Plaintiffs' response in opposition is due within 14 days thereafter, *i.e.*, October 21, 2020.

**C.      Proposed Discovery and Motion Schedule.**

The parties do not agree on the schedule that should govern this case. Defendant requests that this Court stay discovery pending a ruling on the motion to dismiss and enter an order with specific dates to be ordered after the entry, if any, of a denial of Harvard's motion to dismiss. Plaintiffs do not agree that a discovery stay should occur here. As a result, the parties submit the following separate scheduling proposals.

1. *Initial Disclosures*.

    a. Plaintiffs' Proposal: Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed by October 29, 2020.

    b. Defendant's Proposal: Initial disclosures required by Fed. R. Civ. P. 26(a)(1) and by this Court's Notice of Scheduling Conference must be completed within fifteen days of issuance of any order denying in any part Harvard's motion to dismiss.

2. *Amendments to Pleadings.*

    a. Plaintiff's Proposal: Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after January 29, 2021.

    b. Defendant's Proposal: Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed more than sixty days after the filing of initial disclosures.

3. *Fact Discovery – Interim Deadlines.*

    a. Plaintiffs' Proposal: All requests for production of documents and interrogatories must be served by April 15, 2021; all requests for admission must be served by April 15, 2021; and all depositions, other than expert depositions, must be completed by May 14, 2021.

    b. Defendant's Proposal: All requests for production of documents and interrogatories, and all requests for admission, must be served within six months after the filing of initial disclosures; and all depositions, other than expert depositions, must be completed within nine months after the filing of initial disclosures.

4. *Fact Discovery – Final Deadline.*

    a. Plaintiffs' Proposal: All discovery, other than expert discovery, must be completed by June 14, 2021.

    b. Defendant's Proposal: All discovery, other than expert discovery, must be completed within nine months after the filing of initial disclosures.

5. *Class Certification.*

    a. Plaintiffs' Proposal: Plaintiff's Motion for Class Certification must be filed by May 14, 2021; Defendant's response to Plaintiff's Motion for Class Certification must be filed by June 11, 2021; and Plaintiff's reply in support of Plaintiff's Motion for Class Certification must be filed by July 9, 2021.

    b. Defendants' Proposal: Plaintiffs' Motion for Class Certification must be filed within thirty days following the deadline for service of requests for production of documents, interrogatories and requests for admissions; Defendant's response to Plaintiffs' Motion for Class Certification must be filed within four weeks after the filing of the Motion for Class Certification; and Plaintiffs' reply in support of Plaintiffs' Motion for Class Certification must be filed within three weeks after the filing of Defendant's response.

6. *Status Conference.* A status conference will be held on a date convenient for the Court in **July 2021** or on any other date convenient for the Court.

7. *Expert Discovery, Dispositive Motions and Trial Related Deadlines.*

    a. Plaintiffs' Proposal: Regarding expert discovery, Plaintiffs' trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed by, September 13, 2021. Plaintiffs' trial experts must be deposed by October 8, 2021; Defendant's trial experts must be designated, and the information contemplated by Fed. R. Civ. P. 26(a)(2) must be disclosed, by October 22, 2021. Defendant's trial experts must be deposed by December 17, 2021. Dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings, must be filed by December 17, 2021.

      b. Defendants' Proposal: The Court shall enter an order setting the schedule for expert disclosures and discovery, dispositive motions, pretrial conferences and other trial-related deadlines at a later date.

**D.**      **ESI and Form of Document Production.**

The parties will take all reasonable efforts to preserve proportional, relevant, and responsive ESI and agree in good faith to meet and confer regarding the identification of relevant custodians, non-custodial data sources, relevant time period(s), search terms (if and where necessary), and methods to be used to locate potentially responsive documents.

**E.**      **Issues Relating to Claims of Privilege or Other Protections From Disclosure.**

Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, and agree to establish procedures for asserting privilege and work product claims. The parties will confer and file a Motion for a Proposed Order attaching as an exhibit a proposed Stipulation and Protective Order governing the process for asserting claims of privilege or protection of documents after production in this case.

**F.**      **Desirability of Conducting Phased or Bifurcated Proceedings.**

At this time, the parties continue to confer about potential phased discovery or bifurcation of proceedings. The parties agree to meet and confer in connection with specific discovery requests as they arise and which may warrant phasing and/or delayed production given the class action nature of this case.

**G.**      **Limitations on Discovery Under Fed. R. Civ. P. 26(b).**

At this time, the parties do not believe that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules for the District of Massachusetts are necessary in this case. To the extent that a potential need to change the

limitations on discovery comes to the attention of a party, the parties agree to meet and confer regarding the same.

**H.      Reassignment to Magistrate Judge.**

The parties do not consent to reassignment of this case to a Magistrate Judge for all purposes.

**I.      Other Orders That Should Be Entered By the Court Pursuant to Rules 26(c), or 16(b) and (c) of the Federal Rules of Civil Procedure.**

Aside from the Stipulation and Protective Order discussed in Section E *supra*, the parties agree that no other orders should be entered by the Court at this time pursuant to Rules 16(b), 16(c), or 26(c) of the Federal Rules of Civil Procedure.

**J.      Local Rule 16.1(d)(3) Certifications.**

Counsel for Defendant certifies that it has conferred with its client to (1) establish a budget for the costs of conducting the full course, and various alternative courses, of the litigation; and (2) consider the resolution of the litigation through the use of alternative resolution programs such as those outlined in Local Rule 16.4.

Class counsel is conducting this litigation on a contingent basis and will pay for all litigation-related expenses incurred. Class counsel will receive fees and/or expense payments only if and when such an award is approved by the Court. Class counsel maintains that success through the Court's ADR procedures or other forms of alternative dispute resolution are unlikely to be successful at this time as a threshold determination by the Court on class certification will be necessary in advance. However, the parties agree to revisit the possibility of resolving this case through ADR procedures at a later date.

Dated: October 7, 2020                                    Respectfully submitted,

By: */s/ Victoria L. Steinberg*
Anton Metlitsky (*pro hac vice*)
Jennifer Sokoler (*pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone:    (212) 326-2000
Facsimile:    (212) 326-2061
ametlitsky@omm.com
jsokoler@omm.com

Matthew Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701
mpowers@omm.com

Victoria L. Steinberg, BBO #666482
Rebecca M. O'Brien, BBO #693592
TODD & WELD LLP
One Federal Street
Boston, MA 02110
Telephone:    (617) 624-4714
Facsimile:    (617) 624-4814
vsteinberg@toddweld.com
robrien@toddweld.com

*Attorneys for Defendant*
*President and Fellows of Harvard College*

By: */s/ Daniel J. Kurowski*
Kristie LaSalle (BBO #692891)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
T: (617) 482-3700
kristiel@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
steve@hbsslaw.com

Daniel J. Kurowski (*Pro Hac Vice*)
Whitney K. Siehl (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
T: (708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

Warren T. Burns (*Pro Hac Vice* forthcoming)
LeElle Slifer (*Pro Hac Vice* forthcoming)
Russell G. Herman (*Pro Hac Vice* forthcoming)
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
T: (469) 904-4550
F: (469) 444-5002
wburns@burnscharest.com
lslifer@burnscharest.com
rherman@burnscharest.com

David Pastor (BBO # 391000)
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue 3rd Floor
Boston, MA 02110
T: 617-742-9700

F: 617-742-9701
dpastor@pastorlawoffice.com

Alec M. Leslie (*Pro Hac Vice*)
BURSOR & FISHER, P.A.
888 Seventh Avenue
New York, NY 10019
T: 646-837-7126
F: 212-989-9163
aleslie@bursor.com

Frederick J. Klorczyk , III (*Pro Hac Vice*)
BURSOR & FISHER, P.A.
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
T: (925) 300-4455
F: (925) 407-2700
fklorczyk@bursor.com

*Attorneys for Plaintiffs, individually and on behalf of all others similarly situated*

-9-

## CERTIFICATE OF SERVICE

I, Daniel J. Kurowski, certify that, on this date, the foregoing document was served by filing it on the court's CM/ECF system and additionally via electronic mail to all counsel of record.

Dated: October 7, 2020                                By: */s/ Daniel J. Kurowski*