**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABRAHAM BARKHORDAR, SARAH ZELASKY, and ELLA WECHSLER-MATTHAEI, individually and on behalf of all others similarly situated,<br><br>        Plaintiffs,<br><br>    v.<br><br>HARVARD UNIVERSITY,<br><br>        Defendant. | Civil Action No. 1:20-cv-10968-IT<br><br>**Leave to file granted on October 14, 2020** |

**DEFENDANT'S REPLY IN SUPPORT OF MOTION TO STAY DISCOVERY**
**PENDING RESOLUTION OF DEFENDANT'S MOTION TO DISMISS**

## INTRODUCTION

Plaintiffs do not dispute that courts in this district routinely exercise their discretion to stay discovery in situations like this—where a pending motion to dismiss could eliminate, or substantially narrow, an otherwise sprawling case.  Nor do Plaintiffs take issue with the logic of those decisions: it is a waste of the parties' and the Court's resources to engage in the expense and inconvenience of discovery (and the resolution of inevitable discovery disputes) when motion practice could obviate the need for much or all of it.  Instead, Plaintiffs primarily contend that Defendant Harvard University's ("Harvard" or "University")[1] stay motion should be denied because Harvard is unlikely to prevail on the merits of its dismissal motion.  Additionally, Plaintiffs assert that while a limited stay of discovery pending resolution of Harvard's motion to dismiss would prejudice Plaintiffs, Harvard's concerns about the burden of engaging in discovery are speculative.  Each of these arguments fails.

*First*, there is good cause to stay discovery pending resolution of the motion to dismiss that Harvard filed on October 7, 2020.  Plaintiffs' contrary argument is based entirely on out-of-circuit decisions—mostly from state courts based on state pleading standards—that have rejected **one** of the grounds for dismissal that Harvard has raised in its motion.  By contrast, the only relevant decision in *this* district recently accepted many of the same arguments that Harvard has raised.  *See Chong v. Northeastern Univ.*, 2020 WL 5847626 (D. Mass. Oct. 1, 2020).  Moreover, as set forth in its dismissal motion, Harvard is entitled to full dismissal based on contract language not at issue in *Chong*.

*Second*, it is Plaintiffs' concerns about prejudice, not Harvard's, that are speculative.

---

[1] The President and Fellows of Harvard College is the legal entity comprising Harvard University, and is the proper party to this litigation.

Indeed, Plaintiffs acknowledge that if the Court permits discovery to proceed, the parties will incur costs on a "variety of events" including the "negotiat[ion of] the ancillary orders/agreements typically preceding any production (*e.g.*, confidentiality agreements or production protocols), confer[ences] on discovery objections, and . . . depositions." Opp'n to Def. Mot. to Stay ("Opp'n") (ECF No. 32), at 7. If the Court dismisses or narrows the First Amended Consolidated Complaint ("Complaint"), then much or all of that work and expense will have been a waste of time. Plaintiffs, meanwhile, do not (and cannot) explain in anything other than conclusory terms how they will be prejudiced by the limited stay that Harvard is requesting. A limited stay of discovery pending resolution of Harvard's motion to dismiss is thus warranted here.

## ARGUMENT

**I.    There Is Good Cause For A Limited Stay Of Discovery Pending Resolution Of Harvard's Motion To Dismiss.**

Harvard's stay motion summarized four independent grounds on which the University moved to dismiss the Complaint. Mot. to Stay Discovery ("Mot.") (ECF No. 30), at 5-6. Rather than distinguish any of the Massachusetts cases Harvard cited in its motion, Plaintiffs rely on out-of-circuit precedent, which applies other states' laws and holds that the general prohibition on educational malpractice claims does not require dismissal of tuition refund actions at the pleading stage. *See* Opp'n at 3. That is one of many grounds raised in Harvard's dismissal motion, and Plaintiffs offer no response to any of the other arguments for why Plaintiffs' claims fail on the merits. *See also* ECF No. 34.

Moreover, while Plaintiffs rely on out-of-circuit (mostly state-level) precedent, the one case in *this* jurisdiction that has considered questions similar to those presented here—*Chong v. Northeastern University*—demonstrates that Harvard is likely to succeed. The plaintiffs in

*Chong*, like Plaintiffs here, alleged that they were entitled to a refund of tuition and certain student fees for the Spring 2020 semester based on Northeastern University's transition to remote learning in light of the COVID-19 pandemic.  The Court dismissed the plaintiffs' contract claims seeking refunds of tuition and certain student fees.  *See Chong*, 2020 WL 5847626, at *3 (holding that plaintiffs had not "plausibly established that the parties' agreement included a right to in-person instruction").  The Court also dismissed the unjust enrichment claims entirely because the parties' relationship is governed by contract.  *Id.* at *4.  The Court allowed only the contract claims concerning one student fee to proceed.  *Id.*  Harvard believes that all of Plaintiffs' claims should be dismissed based on the contract language at issue here, but even if this Court were to grant the same relief as in *Chong*, the Complaint—and thus the scope of discovery—would be substantially narrowed.

In addition, the *Chong* Court did not have occasion to decide one issue Plaintiffs raise here, namely, whether students who were aware that future semesters would be remote but enrolled anyway can state a claim for breach of contract.  As Harvard's motion to dismiss explains, the First Circuit's decision in *Squeri v. Mount Ida College* squarely forecloses any claim that Harvard must discount tuition for the Fall 2020 term (and any future term offered remotely).  *See* 954 F.3d 56, 72 (1st Cir. 2020); ECF No. 34 at 25-26.

Harvard's motion to dismiss therefore provides good cause for a limited stay of discovery.  Certainly, the grounds for dismissal "are not so insubstantial that discovery should be commenced at this time."  *New York v. Grand River Enters. Six Nations, Ltd.*, 2015 WL 686819, at *3 (W.D.N.Y. Feb. 18, 2015); *see also Barnes v. Cty. of Monroe*, 2013 WL 5298574, at *1 (W.D.N.Y. Sept. 19, 2013) (staying discovery pending motion raising "substantial arguments in favor of dismissal of many" of plaintiffs' claims).

## II.     The Equities Favor A Stay Of Reasonable Duration.

Nor does the Opposition meaningfully dispute that the equities favor a stay of reasonable duration.  *First*, Harvard would be unduly burdened if it were required to expend resources responding to discovery requests across all of its twelve schools that may be entirely or partially unnecessary.  *See Nestor Colon Medina & Sucesores, Inc. v. Custodio*, 964 F.2d 32, 39 (1st Cir. 1994) ("[I]t is only after stating a valid claim that a plaintiff can insist upon a right to discovery."); *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, 2016 WL 11004353, at *2 (D. Mass. June 15, 2016) ("[I]t makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed."); *see also Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003) ("The very purpose of Fed. R. Civ. P. 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery.'" (quotation omitted)).

Plaintiffs respond that Harvard's motion is premature because Plaintiffs have not yet served a discovery request.  Opp'n at 4-6.  This is disingenuous at best.  Harvard is moving for a stay now because *Plaintiffs* insisted that Harvard do so.  In meet and confer conversations prior to the upcoming Rule 16(f) scheduling conference, Harvard suggested that the parties agree to a discovery schedule pegged to the date when its motion to dismiss is decided.  Plaintiffs rejected that proposal and strongly advocated for the parties to brief the issue of a stay rather than the parties including their positions in the joint statement filed on October 8, 2020.  The parties thus agreed to a briefing schedule under which all the briefs related to this motion would be completed in advance of the October 14, 2020 Rule 16(f) conference.

Plaintiffs' opposition also claims Harvard's burden arising out of premature discovery in this matter is speculative.  But Plaintiffs do not need to serve requests for production for this Court to conclude that discovery implicating twelve different schools, each with its own

databases and custodians, will be time-consuming, burdensome, and costly.  Indeed, Plaintiffs'

own opposition admits that "the routine course" of discovery absent a stay will—at a

minimum—require Harvard to evaluate discovery across twelve schools, issue responses, lodge

objections, meet and confer regarding discovery requests, negotiate with opposing counsel

regarding discovery orders and agreements, meet and confer on discovery objections, and even

take and/or defend depositions.[2]  *Id.* at 5 & 7.

   *Second*, Plaintiffs fail to establish that they or any putative class members would be

prejudiced by a limited stay of discovery.  While the exact duration of the stay depends on when

this Court resolves the motion to dismiss, courts routinely find that stays "limited to the time

required for the Court to decide [a] [pending dispositive] motion" are reasonable in duration.

*See, e.g., Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, 2008 WL 11510668, at *2

(S.D.N.Y. June 12, 2008) (concluding that stay limited to time required for Court to decide

motions would not "substantially nor unduly delay the action" (quotation omitted)); *see also*

*Dicenzo v. Mass. Dep't of Corr.*, 2016 WL 158505, at *2 (D. Mass. Jan. 13, 2016) (stay

contemplating "relatively brief delay in Plaintiff's receipt of discovery if Defendants' dispositive

motions are denied" was reasonable in duration).  Further, Plaintiffs' generic concern about

witnesses' memories is facially implausible—the events giving rise to this litigation began as

recently as March 2020, and in any event, a delay of a few months will be immaterial.

### CONCLUSION

   The Court should stay discovery pending resolution of Harvard's motion to dismiss.

---

[2] Plaintiffs' suggestion that any stay be limited to the actual production of documents does not alleviate the burden Harvard will incur engaging in the "variety of events" leading up to document production.  Opp'n at 7.  Moreover, even if the Court does not dismiss all of Plaintiffs' claims, the Court's ruling on the motion to dismiss will necessarily inform the parties' written discovery responses and objections, meet and confer positions, and approaches to depositions.  Thus, the equities favor a stay on all discovery, not just document production.

Dated:  October 14, 2020

Respectfully submitted,

*/s/ Victoria L. Steinberg*
Victoria L. Steinberg, BBO #666482
vsteinberg@toddweld.com
Rebecca M. O'Brien, BBO #693592
robrien@toddweld.com
TODD & WELD LLP
One Federal Street
Boston, MA 02110
Telephone:     (617) 624-4714
Facsimile:     (617) 624-4814

Anton Metlitsky (*pro hac vice*)
ametlitsky@omm.com
Jennifer Sokoler (*pro hac vice*)
jsokoler@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone:     (212) 326-2000
Facsimile:     (212) 326-2061

Matthew Powers (*pro hac vice*)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701

*Attorneys for Defendant*
*President and Fellows of Harvard College*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on October 14,

2020.


                                        */s/ Victoria L. Steinberg*
                                        Victoria L. Steinberg