UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABRAHAM BARKHORDAR, SARAH ZELASKY, and ELLA WECHSLER-MATTHAEI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HARVARD UNIVERSITY,<br><br>Defendant. | Civil Action No. 1:20-cv-10968-IT<br>Leave to file granted on May 10, 2021 |

## DEFENDANT'S RESPONSE TO PLAINTIFFS' FIFTH NOTICE OF SUPPLEMENTAL AUTHORITY

The case attached to and cited in Plaintiffs' Fifth Notice of Supplemental Authority, *Omori v. Brandeis University*, 2021 WL 1408115 (D. Mass. April 13, 2021), is largely inapposite. In analyzing the students' breach of contract claims, the *Brandeis* court did not consider the effect of a leave-of-absence provision—like the one in Harvard's materials—that would have permitted students to take leave and receive a partial refund after the transition to online instruction. And although the court evaluated a reservation-of-rights provision, *id.* at *4, that provision was far narrower than Harvard's, reserving only Brandeis's right to make "changes in the course offerings." Mem. in Supp. of Mot. to Dismiss (ECF No. 22) at 9, *Omori v. Brandeis University*, No. 20-11021-NMG (D. Mass. Nov. 27, 2020).

As to Plaintiffs' conversion claim, the *Brandeis* decision actually supports Harvard's motion to dismiss. The *Brandeis* court concluded that the plaintiffs there had not stated a conversion claim because (i) they sought "a refund of only some unspecified, prorated portion of their payments rather than specific funds in which they have a possessory interest" and (ii) a

- 1 -

"right to in-person education . . . do[es] not constitute 'personal property' for the purpose of that tort." *Omori*, 2021 WL 1408115, at *4-5. Those same reasons apply and require dismissal of the conversion claim here. *See* Mem. in Supp. of Mot. to Dismiss the First Am. Consolidated Compl. (ECF No. 34) at 18-19.

Moreover, several decisions from other federal courts have rejected claims exactly like Plaintiffs' and therefore similarly support Harvard's motion to dismiss. In *Buschauer v. Columbia College Chicago*, 2021 WL 1293829 (N.D. Ill. Apr. 6, 2021), for example, the court granted Columbia's motion to dismiss a complaint materially identical to Plaintiffs' against Harvard. The court reasoned that:

- The plaintiffs' breach of contract claims failed because "none of the bases Buschauer sets forth support finding that Columbia made specific promises of on-campus, in-person instruction and services for the spring 2020 semester." *Id.* at *5. Specifically, the references in Columbia's marketing materials to "Columbia's prime location in downtown Chicago" and the "ways that its location can benefit students . . . amount to unenforceable expectations or aspirational statements, not concrete promises." *Id.* (quotation omitted). And the "fact that some course descriptions" in the course catalog "have included specific building and room numbers does not guarantee on-campus, in-person instruction, particularly given the course catalog's disclaimers and reservation of rights." *Id.* Finally, "Columbia's offering of online courses that cost less than his tuition" does not "imply a specific promise for on-campus, in-person instruction for those enrolled in Columbia's undergraduate program" because "Columbia Online offered an entirely different experience and set of services."

> *Id.* at \*6 (quotation omitted).

- The court also rejected the breach of contract claim based on Columbia's alleged failure to refund fees because the "references to the student handbook and other materials describing the student center, health center, or information technology department merely provide information about what facilities and services Columbia provides students, not any specific promises of access to these facilities and services in-person at all times." *Id.* at \*6.

- The unjust enrichment claim failed because "a quasi-contractual claim cannot survive when an express contract governs the parties' relationship," and the "parties do not dispute that a contract existed between them." *Id.* They disputed only "whether the contract included specific promises about on-campus, in-person instruction and services." *Id.*

Likewise, in *Miller v. Lewis University*, 2021 WL 1379488 (N.D. Ill. Apr. 11, 2021), the court dismissed another class action complaint materially identical to the one at issue here. The court explained that:

- "[M]arketing materials, advertisements, and other documents that highlighted Lewis's in-person educational opportunities, experiences and services" are "promotional materials" and "not among the terms of the contract between universities and their students." *Id.* at \*3. And in any event, "advertising a safe and welcoming campus, an inviting community with more than 100 clubs and organizations, and well-equipped classrooms" is "puffing" and "is not the same [as] making a definite and concrete promise." *Id.* (quotation marks and alterations omitted). Likewise, "expressions of intention, hope or desire"—like Lewis's

indication that it intends to "advance transformative life experiences; experiential learning opportunities and a campus setting that creates a distinctive and relevant student experience"— "cannot be a part of Lewis's contract with its students." *Id.* at *4.

- Nor did the course schedule support a viable breach of contract claim. To be sure, the schedule invited students "to select courses that used a specific instructional method including traditional (face-to-face) learning." *Id.* But those notations are "informative rather than promissory" and did not form "a binding contract." *Id.* at *5. And, in any event, the schedule also "contained an important reservation," providing that it was "subject to change without notice" and reserving Lewis's "right to cancel any course and to make any schedule changes required including change of class time, location or instructor." *Id.* The plaintiff could not "sidestep the schedule's unambiguous reservation," even though Lewis had not specifically reserved the right to change the instructional method of courses; the court found "it didn't need to." *Id.*

- The unjust enrichment claim failed because (i) plaintiff "alleges the existence of a contract" and (ii) "Lewis does not dispute that there is one." *Id.* at *6.

Similarly, in *Hassan v. Fordham University*, 2021 WL 1263136 (S.D.N.Y. Apr. 6, 2021), the court granted in part and denied in part the plaintiff's motion for leave to amend his class action complaint.

- The court was "not persuaded that Plaintiff has alleged a specific promise by Fordham to provide in-person *instruction*." *Id.* at *3 (emphasis in original). Allegations based on Fordham's strategic plan and "excerpts from different

portions of the Fordham website" "do not . . . reflect a specific promise to provide only live, in-person classes." *Id.*  In particular, "many of the statements in both the Strategic Plan and on Fordham's website refer in general terms to the benefits of Fordham's location in New York City" and are thus "insufficient to support a claim that Fordham specifically promised to provide in-person classes." *Id.*

- The court also denied leave to amend the unjust enrichment claim.  Fordham's decision to refund some fees while retaining money paid for tuition did "not rise to the level of tortious or fraudulent conduct sufficient to support an unjust enrichment claim." *Id.* at *4.  And in any event, "granting leave to amend would be futile because the unjust enrichment claims are duplicative of Plaintiff's breach of contract claims." *Id.*[1]

Finally, in *Dougherty v. Drew University*, 2021 WL 1422935 (D.N.J. Apr. 14, 2021) and *Smith v. University of Pennsylvania*, 2021 WL 1539493 (E.D. Pa. Apr. 20, 2021), the courts also dismissed claims seeking tuition refunds in response to the transition to remote learning.

- The *Dougherty* court explained that the plaintiffs could not prevail because it was "not as if the University simply defaulted on its educational obligations.  Rather, the University tried its best to provide students with an education, albeit in a different format." 2021 WL 1422935, at *7.  Universities, the court explained, are afforded "some leeway, particular[ly] when reacting to events beyond [their] control." *Id.*  And even if the plaintiffs could pursue their contract claim, that

---

[1] The *Hassan* court granted the motion for leave to amend only as to certain non-tuition fees, including a "Technology Access Fee" that allegedly "promised . . . access to on-campus computer facilities." 2021 WL 1263136, at *3.  Plaintiffs here have not alleged, and Harvard does not assess, any such fee.

claim would fail because the University Catalog contained a reservation of rights provision and the "transition to virtual education and accompanying campus closure represent a change in the University's academic program that falls within the reservation's scope." *Id.* The plaintiffs' unjust enrichment and conversion claims failed for the same reasons. *See id.* at *8-9. The conversion claim also failed on its own terms because "intangible property" like an "in-person education" is not the proper subject of a conversion claim, and the plaintiffs sought only "the difference in value between the virtual education provided and the in-person education expected," not the return of some "particular pot of money." *Id.* at *9.

- The *Smith* court dismissed the plaintiffs' breach of contract claim seeking a tuition refund because none of the materials the plaintiffs identified—the Financial Responsibility Agreement, the University Catalog, registration materials, fee descriptions, and website pages—contained "an express, written promise to provide in-person instruction." 2021 WL 1539494, at *5. Penn's promotional materials were "advertisements" and "[w]ithout language of commitment to provide the advertised programs and resources to students under all circumstances," were not "offers." *Id.* Penn's reservation of rights provision also made clear that "Penn retained the right to modify and cancel classes if the circumstances called for it, further underscoring the lack of a guarantee of in-person instruction." *Id.* at *7. The court dismissed the plaintiffs' unjust enrichment claim because even if "the contract does not give rise to the promise plaintiffs argue Penn breached," the parties still agreed that their "relationship is

governed by contract." *Id.* at *9. The court also dismissed the conversion claim because it was based on the same facts as the contract claim. *Id.* Although these cases were decided under Illinois, New York, New Jersey, and Pennsylvania law, the principles applied are similar to the Massachusetts law principles on which Harvard relies.

Dated:  May 10, 2021

Respectfully submitted,

*/s/Anton Metlitsky*
Anton Metlitsky (*pro hac vice*)
ametlitsky@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY  1003
Telephone:     (212) 326-2000
Facsimile:      (212) 326-2061

Matthew Powers (*pro hac vice*)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone:     (415) 984-8700
Facsimile:      (415) 984-8701

Victoria L. Steinberg, BBO #666482
vsteinberg@toddweld.com
Rebecca M. O'Brien, BBO #693592
robrien@toddweld.com
TODD & WELD LLP
One Federal Street
Boston, MA  02110
Telephone:     (617) 624-4714
Facsimile:      (617) 624-4814

*Attorneys for Defendant*
*President and Fellows of Harvard College*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on May 10, 2021.

/s/Anton Metlitsky
Anton Metlitsky (*pro hac vice*)