UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ABRAHAM BARKHORDAR, SARAH ZELASKY, and ELLA WECHSLER-MATTHAEI, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>Defendant. | Civil Action No. 20-cv-10968-AK |

MEMORANDUM AND ORDER

A. KELLEY, D.J.

The Court previously dismissed Plaintiffs' First Amended Consolidated Class Action Complaint [ECF No. 26 ("Amended Complaint")], which alleged that Defendant's twelve degree-granting schools acted unlawfully when they ceased to provide in-person instruction and access to on-campus facilities in response to the COVID-19 pandemic and failed to refund a portion of students' tuition and fees.  [ECF No. 94 ("Order")].  The Court permitted Plaintiffs to move to amend their complaint, limiting the amendment "to causes of action for breach of contract for the Spring 2020 term."  [Id. at 19 n.6].

Plaintiffs timely filed a Motion for Leave to File the Second Amended Consolidated Class Action Complaint [ECF No. 96 ("Motion")], which Defendant President and Fellows of Harvard College ("Harvard") opposed [ECF No. 100 ("Opposition")].  Plaintiffs attached two proposed amended complaints to their Motion.  Plaintiffs state that the first proposed amended complaint [ECF No. 96-1 ("Proposed Spring 2020 Complaint")] includes only allegations

1

relating to the Spring 2020 term, as previously allowed by the Court, and the second proposed complaint [ECF No. 96-2 ("Fall 2020 & Spring 2021 Complaint")] adds allegations pertaining to the Fall 2020 and Spring 2021 semesters. [Motion at 1, 3-4]. Because the Court previously limited any proposed amended complaint to the Spring 2020 semester [Order at 19 n.6] and the Fall 2020 & Spring 2021 Complaint fails to allege sufficient facts demonstrating that any alleged contract began at matriculation, Plaintiffs' request to proceed with the Fall 2020 & Spring 2021 Complaint [ECF No. 96-2] is DENIED.[1] However, for the reasons that follow, Plaintiffs' Motion [ECF No. 96] as to the Proposed Spring 2020 Complaint [ECF No. 96-1] is GRANTED.

## I.     Background

Much of the factual background detailing Harvard's decision to move to online instruction during the COVID-19 pandemic is set forth in the Court's previous Order dismissing the Amended Complaint. [Order at 1-3]. Amendments to Plaintiffs' allegations, as set forth in the Proposed Spring 2020 Complaint, are discussed below.

---

[1] The Court previously found Plaintiff Barkhordar, the only Plaintiff who did not graduate at the end of Spring 2020, "accepted the terms of the contract for the Fall 2020 semester, including the terms that instruction would be online only and that costs would be the same as the 2019-2020 school year," and that he had "no reasonable expectation" of in-person instruction. [Order at 18-19]. This conclusion stands. Plaintiffs now claim that the contract for "in-person courses began at matriculation, not just separately at the start of each semester" and that, accordingly, they should be able to proceed with Fall 2020 and Spring 2021 allegations. [Motion at 4]. This argument is of no avail. Plaintiffs' Fall 2020 & Spring 2021 Complaint fails to allege sufficient facts demonstrating that Plaintiffs' contracts with Harvard began upon enrollment. See Squeri v. Mount Ida College, 954 F.3d 56, 72 (1st Cir. 2020) ("These allegations do not plausibly allege a breach of implied contract, let alone an express contract, that . . . there was a contract for four years of education in exchange for only one semester of tuition."). The Court will disregard allegations in the Proposed Spring 2020 Complaint that concern Fall 2020 and Spring 2021. [See Proposed Spring 2020 Complaint at ¶¶ 18, 41, 112, 123-31, 138, 142].

## II.     Legal Standard

A party seeking to amend a complaint more than twenty-one days after service of a responsive pleading or motion under Rule 12(b), (e), or (f) must seek leave of the court to do so. Fed. R. Civ. P. 15(a).[2] When deciding a motion for leave to amend, the Court's task is to determine whether "justice so requires" that leave be granted, such that the Court must "examine the totality of the circumstances" and "exercise its informed discretion in construing the balance of pertinent considerations." Palmer v. Champion Mortg., 465 F.3d 24, 30-31 (1st Cir. 2006) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).  Leave to amend may be denied in "appropriate circumstances," such as "undue delay, bad faith, futility, and the absence of due diligence on the movant's part." Id.  Amendment is "deemed futile when the proposed amended complaint would fail to withstand a motion to dismiss" under Federal Rule of Civil Procedure 12(b)(6). Crowl v. M. Chin Realty Tr., 607 F. Supp. 2d 245, 246 (D. Mass. 2009) (citing Hatch v. Dep't for Child., Youth & Their Fams., 274 F.3d 12, 19 (1st Cir. 2001)).

## III.    Discussion

The Court previously identified deficiencies in Plaintiffs' Amended Complaint that any proposed amendment would need to cure.  [Order at 19 n.6].  First, the Court advised Plaintiffs that if they proceeded on a University-wide contract claim, they would need to "detail the provisions of the alleged University-wide contract." [Id.].  Alternatively, Plaintiffs would need to "detail the provisions of the school-specific contract" to seek relief for students of a particular

---

[2] Rule 15, not Rule 16, applies here because the Court stayed discovery pending resolution of Defendant's Motion to Dismiss [ECF No. 33] and, in light of the Motion at issue here, no scheduling order has issued setting a deadline for amendments to pleadings.  [See ECF No. 46].

school. [Id.]. Second, Plaintiffs would need to address the reservations of rights contained within two student handbooks. [Id. at 13-14, 19 n.6].

### A. Plaintiffs Have Not Adequately Alleged a University-Wide Contract

In their Proposed Spring 2020 Complaint, Plaintiffs allege, as they did in the Amended Complaint, that they "entered into identical, binding contracts with Defendant by accepting Defendant's offer to enroll in one of Defendant's degree-granting programs and registered for on-campus classes in accordance with the terms of Defendant's publications and Defendant's usual and customary practice of providing on-campus courses." [Proposed Spring 2020 Complaint at ¶ 156]. Plaintiffs contend it was their "reasonable expectation . . . that Defendant would provide on-campus—as opposed to online—classes and instruction . . . as provided in Defendant's publications, including but not limited to the policies, procedures, brochures, advertisements, and other promotional materials." [Id. at ¶ 157].

In support of Plaintiffs' allegations of a University-wide contract, the Proposed Spring 2020 Complaint includes a website Plaintiffs claim "markets [Harvard's] on-campus experience" and Harvard's mission statement and vision. [Id. at ¶¶ 58-62]. These statements describe Harvard's "unparalleled resources," including extracurricular activities, athletics, research opportunities, and Harvard's campus; Harvard's mission to "educate the citizens and citizen-leaders for our society . . . beginning in the classroom" and through "a diverse living environment, where students live with people who are studying different topics"; and Harvard's vision that it "sets the standard for residential liberal arts and sciences education." [Id.]. Even if these statements apply University-wide, not only to students at Harvard College,[3] they are too

---

[3] The link cited for these statements is to Harvard College's website. [See Proposed Spring 2020 Complaint at ¶ 59 n.10 (https://college.harvard.edu/about/mission-vision-phistory#:~:text=The%20mission%20of%20Harvard%20College,liberal%20arts%20and%20scie

4

"[v]ague and generalized" to be "contractually enforceable." G. v. Fay Sch., 931 F.3d 1, 12 (1st Cir. 2019) (finding no contract existed based on a school's student handbook, including its "core values" and "aspirational diversity statements"). That is, these "generalized, aspirational statements" are "insufficiently definite to form a contract." Id. Plaintiffs have thus failed to allege identical University-wide contracts.

   **B.**  **Plaintiffs Have Plausibly Alleged Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health Promised In-Person Instruction**

Plaintiffs' Proposed Spring 2020 Complaint alleges a number of contract terms that are school specific. Many of these alleged terms refer to on-campus facilities and surrounding communities. [Proposed Spring 2020 Complaint at ¶¶ 64-65 (the Master of Public Health's website states students will "work in a collaborative classroom environment alongside talented students from around the world" and "take advantage of extraordinary resources of Harvard University and Boston's Longwood Medical Area"); id. at ¶ 66 (the Graduate School of Education's website notes that "Boston and Cambridge provide the ideal intellectual and professional setting for the advanced study of education"); id. at ¶¶ 67-72 (the Harvard Law School website promotes "clinical programs [that] bring Harvard Law School students into the Boston/Cambridge community" and acceptance materials describe in-person, on-campus offerings, including "student groups, social events and special projects")]. Other alleged terms relate to the on-campus locations and in-person requirements listed on course syllabi. [Id. at ¶¶ 79-82 (describing course syllabi for Plaintiff Barkhordar's Spring 2020 classes, including the times, dates, and on-campus locations, and noting that, in one class, students were forbidden from bringing laptops); id. at ¶¶ 83-92 (describing course syllabi for Plaintiff Zelasky's Spring

---

nces%20education)].

2020 classes, including the times, dates, and on-campus locations, and alleged "in-person requirements" for the Masters of Public Health, including working in "settings where [students] will work as public health professionals"; a practicum where students "complete a minimum of 120 hours . . . on a project under the guidance of a preceptor at an outside organization"; and in-person presentations); id. at ¶¶ 93-96 (describing course syllabi for Plaintiff Weschler-Mattaei's Spring 2020 classes, including the times, dates, and on-campus locations, and "in-person" requirements, such as presenting a final project at an in-person conference)]. Plaintiffs rely on these school-specific terms and practices to allege that Harvard, by moving instruction online, breached the terms of their contracts. [See Proposed Spring 2020 Complaint at ¶¶ 97-111].

Taken together, the school-specific language from websites, syllabi, course catalogs, and other sources included in the Proposed Spring 2020 Complaint is sufficient to allege a reasonable expectation of in-person instruction and programming. See, e.g., In re Bos. Univ. COVID-19 Refund Litig., 511 F. Supp. 3d 20, 22-24 (D. Mass. 2021) (denying a motion to dismiss where plaintiffs relied on course registration materials, course syllabi, and university marketing materials to allege breach of contract related to the university's COVID-19 response); Omori v. Brandeis Univ., 533 F. Supp. 3d 49, 55 (D. Mass. 2021) (denying a motion to dismiss where plaintiffs relied on the university's "online publications, academic bulletins and course listings" to allege breach of contract related to the university's COVID-19 response).

Additionally, the reservations of rights in the Harvard Graduate School of Education and Harvard School of Public Health student handbooks are insufficient, at this stage in the litigation, to undermine Plaintiffs' reasonable expectations of in-person instruction and on-campus experiences as established by the "fulsome allegations of contractual terms" [see Order at 14] in

the Proposed Spring 2020 Complaint.[4]  See Omori, 533 F. Supp. 3d at 55.  Plaintiffs have therefore plausibly alleged that, at the time they entered into contracts with Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health for the Spring 2020 term, Harvard would have reasonably expected students to understand it was promising to provide in-person instruction and on-campus experiences.

### IV. Conclusion

For the foregoing reasons, Plaintiffs' Motion for Leave to Amend [ECF No. 96] is GRANTED IN PART and DENIED IN PART.  Plaintiffs' Motion for Leave to Amend as it pertains to the Proposed Spring 2020 Complaint [ECF No. 96-1] is GRANTED, and any prospective class is limited to those students enrolled at Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health during the Spring 2020 term.  Plaintiffs' Motion for Leave to Amend as it pertains to the Fall 2020 & Spring 2021 Complaint [ECF No. 96-2] is DENIED.

IT IS SO ORDERED.

Dated: March 1, 2022                                                /s/ Angel Kelley
                                                                                    Hon. Angel Kelley
                                                                                    United States District Judge

---

[4] At this stage of the litigation, the reservations of rights speak to the reasonable expectations of the parties when the alleged contract was formed.  Whether the reservations of rights give Harvard the authority to shift to online instruction mid-semester is an issue that may be raised and determined at a later date.