## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ABRAHAM BARKHORDAR, SARAH ZELASKY, ELLA WECHSLER-MATTHAEI, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civil Action No. 1:20-cv-10968-AK |
| v. | |
| PRESIDENT AND FELLOWS OF HARVARD COLLEGE, | |
| Defendant. | |

## DEFENDANT'S ANSWER TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Pursuant to Rule 8(b) and 8(c) of the Federal Rules of Civil Procedure, Defendant President and Fellows of Harvard College, by and through its undersigned attorneys, hereby responds to Plaintiffs' Second Amended Complaint.

Except as otherwise expressly stated herein, Defendant denies each and every allegation in the Second Amended Complaint, including, without limitation, any allegations contained in the Second Amended Complaint's preamble, headings, subheadings, or footnotes, and denies any liability to Plaintiffs and to any individual on whose behalf Plaintiffs seeks recovery.  Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, averments in the Second Amended Complaint to which no responsive pleading is required shall be deemed as denied.  Defendant expressly reserves the right to seek to amend and/or supplement this Answer as may be necessary.

## I.   THE NATURE OF THE CASE

1.    Denied in part, admitted in part.  Defendant admits that it made the decision to transition to remote instruction to protect the safety of its students, faculty and community in

response to the COVID-19 global pandemic.  The remaining allegations in paragraph 1 contain

argument, legal principles, or conclusions of law, including the allegation that Defendant

"evict[ed]" students, and no response is required.  To the extent a response is required,

Defendant denies the remaining allegations in paragraph 1.

2.      Denied in part, admitted in part.  Defendant admits that on March 10, 2020, it

announced its transition to remote instruction effective March 23, 2020, and that it did not hold

any in-person classes in the Spring 2020 Term after March 13, 2020.  To the extent the

allegations in paragraph 2 refer to an announcement, the announcement speaks for itself and is

the best evidence of the language contained therein.  To the extent that the allegations in

paragraph 2 characterize the language and/or contents of the announcement, denied.

3.      Denied.  The allegations in paragraph 3 contain argument, legal principles, and/or

conclusions of law, and thus no response is required.  To the extent a response is required,

Defendant denies each and every allegation in paragraph 3.

4.      Denied.  The allegations in paragraph 4 contain argument, legal principles, and/or

conclusions of law, and thus no response is required.  To the extent the allegations in paragraph 4

refer to an email and/or announcement, a communication speaks for itself and is the best

evidence of the language contained therein.  To the extent that the allegations in paragraph 4

characterize the language and/or contents of any such communication, denied.

5.      Denied.  The allegations in paragraph 5 contain argument, legal principles, and/or

conclusions of law, and thus no response is required.  To the extent a response is required,

Defendant denies each and every allegation in paragraph 5.

6.      Denied.  To the extent the allegations in paragraph 6 refer to announcements, an

announcement speaks for itself and is the best evidence of the language contained therein.  To

the extent that the allegations in paragraph 6 characterize the language and/or contents of any such announcement, denied.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant further states that the allegations in paragraph 6 are irrelevant and that no response is required because they concern (i) Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health, and (ii) terms other than Spring 2020.  *See* Dkt. 108 at 2, 5.

7.      Denied.  To the extent the allegations in paragraph 7 refer to communications or a website, the communications and website speak for themselves and are the best evidence of the language contained therein.  To the extent that the allegations in paragraph 7 characterize the language and/or contents of the communications or website, denied.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant further states that the allegations in paragraph 7 are irrelevant and that no response is required to the extent they concern (i) Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health, and (ii) terms other than Spring 2020.  *See* Dkt. 108 at 2, 5.  The remaining allegations in paragraph 7 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, denied.

8.      Denied.  The allegations in paragraph 8 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 8.

9.      Denied.  The allegations in paragraph 9 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 9.

10.     Denied.  The allegations in paragraph 10 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant further states that portions of the allegations in paragraph 10 are irrelevant and that no response is required to the extent they concern terms other than Spring 2020.  *See* Dkt. 108 at 2.  To the extent a response is required, Defendant denies each and every allegation in paragraph 10.

II.     **JURISDICTION AND VENUE**

11.     Admitted.  The allegations in paragraph 11 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that it does not dispute the Court's jurisdiction in this case.

12.     Admitted.  The allegations in paragraph 12 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that it conducts business within the Commonwealth of Massachusetts.

13.     Admitted.  The allegations in paragraph 13 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that it conducts business within the Commonwealth of Massachusetts.

III.    **PARTIES**

A.      **Plaintiff Abraham Barkhordar**

14.     Denied in part, admitted in part.  Defendant admits that Plaintiff Barkhordar was a full-time graduate student at Harvard Law School in good standing during the Spring 2020 Term. Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 14, and on that basis denies them.

15.     Denied.

16.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 16, and on that basis denies them.

17.     Denied in part, admitted in part.  The allegations in paragraph 17 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that (i) Plaintiff Barkhordar enrolled in courses for the Spring 2020 Term, and (ii) the syllabi for three of Plaintiff Barkhordar's five courses in the Spring 2020 Term referred to classroom locations, but the syllabi for his remaining courses did not.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations about what Plaintiff Barkhordar consulted, understood, or believed, and on that basis denies them.

18.     Denied.  The allegations in paragraph 18 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 18, and on that basis denies them.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant further states that portions of the allegations in paragraph 18 are irrelevant and that no response is required to the extent they concern terms other than Spring 2020.  *See* Dkt. 108 at 2.

19.     Denied.  The allegations in paragraph 19 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 19, and on that basis denies them.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant further states that portions of the allegations

in paragraph 19 are irrelevant and that no response is required to the extent they concern terms other than Spring 2020. *See* Dkt. 108 at 2.

20.     Denied.

21.     Denied in part, admitted in part.  The allegations in paragraph 21 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that Plaintiff Barkhordar was a resident of Story Hall before Harvard transitioned to remote learning.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 21, and on that basis denies them.

**B.     Plaintiff Sarah Zelasky**

22.     Denied in part, admitted in part.  Defendant admits that Plaintiff Zelasky was a full-time graduate student at the Harvard School of Public Health in good standing during the Spring 2020 Term, and that Plaintiff Zelasky graduated following the Spring 2020 Term. Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 22, and on that basis denies them.

23.     Denied.

24.     Denied in part, admitted in part.  The allegations in paragraph 24 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that it offers some online programs.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 24, and on that basis denies them.

25.     Denied in part, admitted in part.  The allegations in paragraph 25 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that (i) Plaintiff Zelasky enrolled in courses for

6

the Spring 2020 Term, and (ii) the syllabi for Plaintiff Zelasky's Spring 2020 courses referred to classroom locations.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations about what Plaintiff Zelasky consulted, understood, or believed, and on that basis denies them.

26.     Denied.  The allegations in paragraph 26 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26, and on that basis denies them.

27.     Denied.  The allegations in paragraph 27 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 27, and on that basis denies them.

28.     Denied.

29.     Denied.  The allegations in paragraph 29 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 29, and on that basis denies them.

### C.     Plaintiff Ella Wechsler-Matthaei

30.     Denied in part, admitted in part.  Defendant admits that Plaintiff Wechsler-Matthaei graduated from the Harvard Graduate School of Education in Spring 2020 with a Master's Degree in Education.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 30, and on that basis denies them.

31.     Admitted.

32.     Denied.

33.     Denied in part, admitted in part.  The allegations in paragraph 33 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that it offers some online programs.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 33, and on that basis denies them.

34.     Denied in part, admitted in part.  The allegations in paragraph 34 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that (i) Plaintiff Wechsler-Matthaei enrolled in courses for the Spring 2020 Term, and (ii) the syllabi for Plaintiff Wechsler-Matthaei's Managing Financial Resources in Nonprofit Organizations and Educating to Transform Society: Preparing Students to Disrupt and Dismantle Racism courses referred to classroom locations, but the syllabi for her remaining courses did not.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations about what Plaintiff Wechsler-Matthaei consulted, understood, or believed, and on that basis denies them.

35.     Denied.  The allegations in paragraph 35 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 26, and on that basis denies them.

36.     Denied.  The allegations in paragraph 36 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 36, and on that basis denies them.

37.     Denied.

38.     Denied.  The allegations in paragraph 38 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 38, and on that basis denies them.

39.     Denied.  The allegations in paragraph 39 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 39, and on that basis denies them.

40.     Denied.  The allegations in paragraph 40 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 40, and on that basis denies them.

41.     Denied in part, admitted in part.  Defendant admits that it announced its transition to remote instruction on March 10, 2020.  To the extent the allegations in paragraph 41 refer to an announcement, the announcement speaks for itself and is the best evidence of the language contained therein.  To the extent that the allegations in paragraph 41 characterize the language and/or contents of the announcement, denied.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant further states that portions of the allegations in paragraph 41 are irrelevant and that no response is required to the extent they concern (i) Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health, and (ii) terms other than Spring 2020.  *See* Dkt. 108 at 2, 5.

42.     Denied.  The allegations in paragraph 42 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 42.

43.     Denied in part, admitted in part.  The allegations in paragraph 43 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that the campus libraries were closed after March 13, 2020 in response to the COVID-19 pandemic, otherwise denied.

44.     Denied.  The allegations in paragraph 44 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 44.

45.     Denied.  The allegations in paragraph 45 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 45.

46.     Denied.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that portions of the allegations in paragraph 46 are irrelevant and that no response is required to the extent they concern terms other than Spring 2020.  *See* Dkt. 108 at 2.

47.     Denied in part, admitted in part.  Defendant admits that President and Fellows of Harvard College operates and governs Harvard University, and conducts business within the Commonwealth of Massachusetts.  Otherwise denied.

IV.    **FACTS**

A.    **Harvard encourages prospective students to enroll and sets its tuition and fees based on providing students in-person classes and in-person access to professors, students, and the full array of campus resources.**

48.    Denied in part, admitted in part.  Defendant admits that Harvard University was founded in 1636.  Defendant lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations contained in paragraph 48, and on that basis denies them.

49.    The allegations in paragraph 49 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that at the end of fiscal year 2020, its endowment was approximately $41.9 billion.  Otherwise, denied.

50.    Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 50 are irrelevant and that no response is required because they concern (i) Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health, and (ii) terms other than Spring 2020.  *See* Dkt. 108 at 2, 5.  To the extent a response is required, denied.

51.    Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 51 are irrelevant and that no response is required because they concern (i) Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health, and (ii) terms other than Spring 2020.  *See* Dkt. 108 at 2, 5.  To the extent a response is required, denied.

52.    Denied in part, admitted in part.  Defendant admits that Harvard graduate student tuition is generally higher than undergraduate tuition.  Otherwise, denied.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant further states that the allegations in paragraph 52 are irrelevant and that no response is required to the extent they concern Harvard

schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health.  *See* Dkt. 108 at 5.

53.     Denied in part, admitted in part.  The allegations in paragraph 53 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that certain schools offer exclusively remote learning capabilities, but otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 53, and on that basis denies them.

54.     Denied.  The allegations in paragraph 54 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 54.

55.     Denied.  The allegations in paragraph 55 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 55.

56.     Denied.  The allegations in paragraph 56 contain argument, legal principles, and/or conclusions of law, and thus no response is required. To the extent the allegations in paragraph 56 refer to websites and other literature, the websites and other literature speak for themselves and are the best evidence of the language contained therein.  To the extent that the allegations in paragraph 56 characterize the language and/or contents of the websites or other literature, denied.

57.     Denied.  The allegations in paragraph 57 contain argument, legal principles, and/or conclusions of law, and thus no response is required. To the extent the allegations in paragraph 57 refer to a website and promotional materials, the website and promotional materials speak for themselves and are the best evidence of the language contained therein.  To the extent

that the allegations in paragraph 57 characterize the language and/or contents of the websites or promotional materials, denied.

58.     Denied.  The allegations in paragraph 58 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that the referenced language in paragraph 58 was reflected in the cited website. To the extent the allegations in paragraph 58 refer to a website, the website speaks for itself and is the best evidence of the language contained therein.  To the extent that the allegations in paragraph 58 characterize the language and/or contents of the website, denied.

59.     Denied in part, admitted in part.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 59 are irrelevant and that no response is required because they concern Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health.  *See* Dkt. 108 at 5.  The website quoted in paragraph 59 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 59 is reflected in the cited website.  To the extent that the allegations in paragraph 59 characterize the language and/or contents of the website, denied.

60.     Denied in part, admitted in part.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 60 are irrelevant and that no response is required because they concern Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health.  *See* Dkt. 108 at 5.  The website quoted in paragraph 60 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 60 is

reflected in the cited website.  To the extent that the allegations in paragraph 60 characterize the language and/or contents of the website, denied.

61.     Denied in part, admitted in part.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 61 are irrelevant and that no response is required because they concern Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health.  *See* Dkt. 108 at 5.  The website quoted in paragraph 61 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 61 is reflected in the cited website.  To the extent that the allegations in paragraph 61 characterize the language and/or contents of the website, denied.  The remaining allegations in paragraph 61 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

62.     Denied in part, admitted in part.  The allegations in paragraph 62 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 62 are irrelevant and that no response is required because they concern Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health.  *See* Dkt. 108 at 5.  The website quoted in paragraph 62 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 62 is reflected in the cited website.  To the extent that the allegations in paragraph 62 characterize the language and/or contents of the website, denied.

63.     Denied in part, admitted in part.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 63 are irrelevant and that no response is required because they concern Harvard schools other than Harvard Law

School, Harvard Graduate School of Education, and Harvard School of Public Health. *See* Dkt.

108 at 5. The document quoted in paragraph 63 speaks for itself, and no response is required.

To the extent a response is required, Defendant admits that the quoted language in paragraph 63

is reflected in the cited document. To the extent that the allegations in paragraph 63 characterize

the language and/or contents of the document, denied. The remaining allegations in paragraph

63 contain argument, legal principles, and/or conclusions of law, and thus no response is

required.

      64.     Denied in part, admitted in part. The website quoted in paragraph 64 speaks for

itself, and no response is required. To the extent a response is required, Defendant admits that

the quoted language in paragraph 64 is reflected in the cited website. To the extent that the

allegations in paragraph 64 characterize the language and/or contents of the website, denied. The

remaining allegations in paragraph 64 contain argument, legal principles, and/or conclusions of

law, and thus no response is required.

      65.     Denied in part, admitted in part. The website quoted in paragraph 65 speaks for

itself, and no response is required. To the extent a response is required, Defendant admits that

the quoted language in paragraph 65 is reflected in the cited website. To the extent that the

allegations in paragraph 65 characterize the language and/or contents of the website, denied. The

remaining allegations in paragraph 65 contain argument, legal principles, and/or conclusions of

law, and thus no response is required.

      66.     Denied in part, admitted in part. The website quoted in paragraph 66 speaks for

itself, and no response is required. To the extent a response is required, Defendant denies that

the quoted language in paragraph 66 is reflected in the cited website, but admits that the quoted

language in paragraph 66 is reflected at https://www.gse.harvard.edu/about. To the extent that

the allegations in paragraph 66 characterize the language and/or contents of either website, denied.  The remaining allegations in paragraph 66 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

67.     Denied in part, admitted in part.  The website quoted in paragraph 67 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 67 is reflected in the cited website.  To the extent that the allegations in paragraph 67 characterize the language and/or contents of the website, denied.  The remaining allegations in paragraph 67 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

68.     Denied.  The materials quoted in paragraph 68 speaks for themselves, and no response is required.  To the extent that the allegations in paragraph 68 characterize the language and/or contents of the materials, denied.  The remaining allegations in paragraph 68 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

69.     Denied in part, admitted in part.  The website quoted in paragraph 69 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 69 is reflected in the cited website.  To the extent that the allegations in paragraph 69 characterize the language and/or contents of the website, denied.  The remaining allegations in paragraph 69 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

70.     Denied.

71.     Denied in part, admitted in part.  The website quoted in paragraph 71 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 71 is reflected in the cited website.  To the extent that the

allegations in paragraph 71 characterize the language and/or contents of the website, denied.  The remaining allegations in paragraph 71 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

72.     Denied in part, admitted in part.  The website quoted in paragraph 72 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 72 is reflected in the cited website.  To the extent that the allegations in paragraph 72 characterize the language and/or contents of the website, denied.  The remaining allegations in paragraph 72 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

73.     Denied in part, admitted in part.  The documents quoted in paragraph 73 and footnote 29 speak for themselves, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 73 and footnote 29 is reflected in the cited documents, and that the Graduate School of Education Student Handbook and School of Public Health Student Handbook contain provisions expressly reserving Harvard's right to modify services, tuition, fees, courses, or programs offered.  To the extent that the allegations in paragraph 73 and footnote 29 characterize the language and/or contents of the documents, denied.  The remaining allegations in paragraph 73 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

74.     Denied.  The allegations in paragraph 74 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 74.

**B.** **Following enrollment at the start of their degree-granting program, the parties' conduct makes clear in-person instruction was a material consideration.**

75.     Denied.  The allegations in paragraph 75 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 75.

76.     Denied in part, admitted in part.  The allegations in paragraph 76 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that syllabi typically contain certain course details.  Otherwise, denied.

77.     Denied.  The allegations in paragraph 77 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that syllabi typically contain certain course details.  Otherwise, denied.

78.     Denied in part, admitted in part.  Defendant admits that it offered in-person courses for the Spring 2020 Term through March 13, 2020.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 78, and on that basis denies them.

*Plaintiff Barkhordar's Experience*

79.     Denied in part, admitted in part.  Defendant admits that Plaintiff Barkhordar was enrolled in Constitutional Law, Contracts, Criminal Law, First Year Legal Research and Writing, and Financial and Legal Needs of Low and Moderate Income Households in the Spring 2020 Term.  Defendant further states that the syllabi for Plaintiff Barkhordar's Constitutional Law, Criminal Law, Financial and Legal Needs of Low and Moderate Income Households each referred to classroom locations, and that the respective syllabi for Plaintiff Barkhordar's Contracts Law and First-Year Legal Research & Writing classes did not refer to any classroom

18

locations.  To the extent that the allegations in paragraph 79 characterize the language and/or

contents of the syllabi, denied.  Defendant lacks sufficient knowledge or information to form a

belief as to whether Plaintiff Barkhordar received a syllabus for each of his courses, and on that

basis denies it.  Further, to the extent the allegations in paragraph 79 refer to syllabi, the syllabi

speak for themselves and are the best evidence of the language contained therein.  Defendant

further responds that allegations in paragraph 79 contain argument, legal principles, and/or

conclusions of law, to which no response is required.

80.     Admitted.

81.     Defendant admits that the syllabus for Plaintiff Barkhordar's Criminal Law class

showed the course was to meet in Wasserstein Hall, Caspersen Student Center, and the Clinical

Wing ("WCC"), Classroom 2004.  Further admitted that the syllabus stated: "No laptops or

electronic devices will be allowed in class.  If special circumstances require you to use a laptop,

please contact me."

82.     Admitted.

***Plaintiff Zelasky's Experience***

83.     Denied in part, admitted in part.  Defendant admits that Plaintiff Zelasky was in

good academic standing during the 2020 Spring Term and enrolled in EH 252: High

Performance Buildings for Health, Comfort, and Sustainability; EH 297: Atmospheric

Environment; EH 508: Master's Thesis and Collaborative Research in Environmental Health;

and ID 215: Environmental and Occupational Epidemiology.  To the extent the allegations in

paragraph 83 refer to syllabi, the syllabi speak for themselves and are the best evidence of the

language contained therein.  To the extent a response is required, Defendant further admits that

the respective syllabi for Plaintiff Zelasky's Spring 2020 courses referred to classroom locations.

To the extent that the allegations in paragraph 79 characterize the language and/or contents of the

syllabi, denied.  Defendant lacks sufficient knowledge or information to form a belief as to whether Plaintiff Zelasky received a syllabus for each of her courses, and on that basis denies it. The remaining allegations in paragraph 79 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

84.     Denied in part, admitted in part.  The document and website referenced in paragraph 84 speak for themselves, and no response is required.  To the extent a response is required, Defendant admits that the document referenced in paragraph 84 stated that the course was to be held at the date and time cited.  To the extent that the allegations in paragraph 84 characterize the language and/or contents of the document and website, denied.  The remaining allegations in paragraph 84 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

85.     Denied in part, admitted in part.  The document referenced in paragraph 85 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the document referenced in paragraph 85 stated that the course was to be held at the date and time cited.  To the extent that the allegations in paragraph 85 characterize the language and/or contents of the document, denied.  The remaining allegations in paragraph 85 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

86.     Denied in part, admitted in part.  The document referenced in paragraph 86 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the document referenced in paragraph 86 states that the course was to be held at the time and date cited.  To the extent that the allegations in paragraph 86 characterize the language and/or contents of the document, denied.  The remaining allegations in paragraph 86 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

87.     Denied in part, admitted in part.  Defendant admits that it announced its transition to remote instruction on March 10, 2020.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in paragraph 87, and on that basis denies them.  The remaining allegations in paragraph 87 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

88.     Denied in part, admitted in part.  The document quoted in paragraph 88 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the document reflects that the course was to be held at the date and time cited.  To the extent that the allegations in paragraph 88 characterize the language and/or contents of the document, denied.  The remaining allegations in paragraph 88 contain argument, legal principles, and/or conclusions of law, and thus no response is required.

89.     Denied in part, admitted in part.  The website quoted in paragraph 89 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 89 is reflected in the cited website.  To the extent that the allegations in paragraph 89 characterize the language and/or contents of the website, denied.  The remaining allegations in paragraph 89 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Defendant otherwise lacks sufficient knowledge or information to form a belief as to the truth of the allegations about what "Plaintiff Zelasky considered," and on that basis denies them.

90.     Denied in part, admitted in part.  The website quoted in paragraph 90 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 90 is reflected in the cited website.  To the extent that the allegations in paragraph 90 characterize the language and/or contents of the website, denied.

91.     Denied in part, admitted in part.  The website quoted and referred to in paragraph 91 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the document cited in paragraph 91 includes the following language:  "The objectives of the Practicum are to help you integrate, synthesize, and apply the knowledge and competencies from your program coursework to a real world public health problem or issue; explore a substantive public health topic that is of interest to you; and enhance the skills needed to function in a professional public health setting."  To the extent that the allegations in paragraph 91 characterize the language and/or contents of the website, denied.

92.     Denied in part, admitted in part.  The website quoted in paragraph 92 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 92 is reflected in the cited website.  To the extent that the allegations in paragraph 92 characterize the language and/or contents of the website, denied.  The remaining allegations in paragraph 89 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a further response is required, denied.

*Plaintiff Wechsler-Matthaei's Experience*

93.     Admitted.  Defendant further admits that Plaintiff Wechsler-Matthaei was also enrolled in Prevention Practicum: Working with Children and Young in School and Community Settings.

94.     Denied in part, admitted in part.  The document referenced in paragraph 94 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the cited language in paragraph 94 is reflected in the cited document.  To the extent that the allegations in paragraph 94 characterize the language and/or contents of the document, denied.

95.     Denied in part, admitted in part.  The document referenced in paragraph 95 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits

22

that the cited language in paragraph 95 is reflected in the cited document.  To the extent that the allegations in paragraph 95 characterize the language and/or contents of the document, denied.

96.     Denied in part, admitted in part.  The document quoted in paragraph 96 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 96 is reflected in the cited document.  To the extent that the allegations in paragraph 96 characterize the language and/or contents of the document, denied.

97.     Denied.

98.     Denied.

99.     Denied.

100.    Denied.

101.    Denied.

102.    Denied.

**C.      Plaintiffs and Class Members enrolled at Harvard and paid tuition and fees for the Spring 2020 Term with the expectation of in-person learning.**

103.    Denied.

104.    Denied.  The allegations in paragraph 104 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 104.

105.    Denied.  The allegations in paragraph 105 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 105.

106.    Denied.  The allegations in paragraph 106 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 106.

107.     Denied in part, admitted in part.  The allegations in paragraph 107 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant further states that the allegations in paragraph 107 are irrelevant and that no response is required because they concern Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health.  *See* Dkt. 108 at 5.

108.     Denied in part, admitted in part.  The allegations in paragraph 108 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant further states that the allegations in paragraph 108 are irrelevant and that no response is required to the extent they concern Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health.  *See* Dkt. 108 at 5.  To the extent a response is required, Defendant admits that the Harvard Law School tuition rate for the Spring 2020 Term was $32,937.  Otherwise, denied.

109.     Admitted.

110.     Denied.  The allegations in paragraph 110 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations regarding the alleged reasons "Plaintiffs selected Harvard," and on that basis denies them.  Defendant denies the remaining allegation in paragraph 110.

111.     Denied in part, admitted in part.  The allegations in paragraph 111 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant admits that it made the decision to transition to remote

instruction to protect the safety of its students, faculty and community in response to the

COVID-19 global pandemic.  Defendant otherwise denies the allegations in paragraph 111.

112.    Denied.  The allegations in paragraph 112 contain argument, legal principles,

and/or conclusions of law, and thus no response is required.  Pursuant to the Court's March 1,

2022 Memorandum and Order, Defendant further states that the allegations in paragraph 112 are

irrelevant and that no response is required to the extent they concern terms other than Spring

2020.  *See* Dkt. 108 at 2.  To the extent a response is required, Defendant denies each and every

allegation in paragraph 112.

> **D.    Harvard ends in-person classes and moves to online instruction without issuing a tuition refund.**

113.    Admitted.

114.    Admitted

115.    Defendant admits that the World Health Organization declared a "public health

emergency of international concern" on January 30, 2020.  Defendant lacks sufficient knowledge

or information to form a belief as to the exact factors that led to this declaration, and on that basis

denies the remaining allegations.

116.    Admitted.

117.    Denied.  Defendant states that, on March 15, 2020, the Centers for Disease

Control and Prevention advised against gatherings of 50 or more people in the United States for

eight weeks.  Defendant otherwise lacks sufficient knowledge or information to form a belief as

to the remaining allegations regarding the status of shelter-in-place orders in states, counties, and

cities across the country in March and April 2020, and on that basis denies them.

118.    Denied in part, admitted in part.  The allegations in paragraph 112 contain

argument, legal principles, and/or conclusions of law, and thus no response is required.  To the

extent a response is required, Defendant admits that Massachusetts Governor Charlie Baker declared a state of emergency on March 10, 2020, otherwise denied.

119.    Denied in part, admitted in part.  The website quoted in paragraph 119 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that (i) the announcement and email referenced in paragraph 119 were issued on March 10, 2020, and (ii) the quoted language in paragraph 119 is reflected in the cited website and referenced email. To the extent that the allegations in paragraph 119 characterize the language and/or contents of the website and/or email, denied.

120.    Denied in part, admitted in part.  The website quoted in paragraph 120 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the cited website in paragraph 120 contains the following language:  "To our students, I know it will be difficult to leave your friends and your classrooms.  We are doing this not just to protect you but also to protect other members of our community who may be more vulnerable to this disease than you are.  To our faculty, I recognize that we are asking you midway through the semester to completely rethink how you teach.  We do this because we know that you want to avoid putting your students at risk."  To the extent that the allegations in paragraph 120 characterize the language and/or contents of the website, denied.

121.    Denied in part, admitted in part.  Defendant admits that on March 10, 2020, it announced its transition to remote instruction effective March 23, 2020, and that it did not hold any in-person classes in the Spring 2020 Term after March 13, 2020.  Otherwise, denied.

122.    Denied.

E.     **Harvard maintains virtual instruction for the Fall 2020 Term without any reduction in tuition or fees.**

123.    Denied.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 123 are irrelevant and that no response is required because they concern terms other than Spring 2020.  *See* Dkt. 108 at 2.  To the extent a response is required, denied.

124.    Denied in part, admitted in part.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 124 are irrelevant and that no response is required because they concern terms other than Spring 2020.  *See* Dkt. 108 at 2.  To the extent a response is required, Defendant admits that the quoted language in paragraph 124 is reflected in the cited announcement.  To the extent that the allegations in paragraph 124 characterize the language and/or contents of the announcement, denied.

125.    Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 125 are irrelevant and that no response is required because they concern (i) Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health, and (ii) terms other than Spring 2020.  *See* Dkt. 108 at 2, 5.  To the extent a response is required, admitted.

126.    Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 126 are irrelevant and that no response is required because they concern (i) Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health, and (ii) terms other than Spring 2020.  *See* Dkt. 108 at 2, 5.  To the extent a response is required, denied.

F.     **Harvard maintains virtual instruction for the Spring 2021 Term without any reduction in tuition or fees.**

127.    Denied in part, admitted in part.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 127 are irrelevant and that no response is required to the extent they concern (i) Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health, and (ii) terms other than Spring 2020.  *See* Dkt. 108 at 2, 5.  To the extent a response is required, Defendant admits that, on October 20, 2020, Harvard Law School and Harvard School of Public Health separately announced that remote learning would be extended through the Spring 2021 Term, otherwise denied.

128.    Denied in part, admitted in part.  Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 128 are irrelevant and that no response is required because they concern terms other than Spring 2020.  *See* Dkt. 108 at 2.  To the extent a response is required, Defendant admits that the quoted language in paragraph 128 is reflected in the cited announcement.  To the extent that the allegations in paragraph 128 characterize the language and/or contents of the announcement, denied.

129.    Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 129 are irrelevant and that no response is required because they concern (i) Harvard schools other than Harvard Law School, Harvard Graduate School of Education, and Harvard School of Public Health, and (ii) terms other than Spring 2020.  *See* Dkt. 108 at 2, 5.  To the extent a response is required, admitted.

130.    Pursuant to the Court's March 1, 2022 Memorandum and Order, Defendant states that the allegations in paragraph 130 are irrelevant and that no response is required because they concern (i) Harvard schools other than Harvard Law School, Harvard Graduate School of

Education, and Harvard School of Public Health, and (ii) terms other than Spring 2020.  *See* Dkt. 108 at 2, 5.  To the extent a response is required, denied.

G.     **Harvard's refusal to refund and/or reduce its tuition harms Plaintiffs and Class Members.**

131.    Denied.

132.    Denied, except that Defendant admits that its reasons for shifting to remote learning were justified.

133.    Denied.

134.    Denied in part, admitted in part.  The website quoted in paragraph 134 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 134 is reflected in the cited website.  Otherwise, denied.

135.    Denied in part, admitted in part.  The website quoted in paragraph 135 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 135 is reflected in the cited website.  Otherwise, denied.

136.    Denied in part, admitted in part.  The website quoted in paragraph 136 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 136 is reflected in the cited website.  Otherwise, denied.

137.    Denied in part, admitted in part.  The website quoted in paragraph 137 speaks for itself, and no response is required.  To the extent a response is required, Defendant admits that the quoted language in paragraph 137 is reflected in the cited website.  Otherwise, denied.

H.     **Economic Damages**

138.    Denied, except that Defendant admits that the only choice for continuing to provide an education to its students in Spring 2020 was to do so remotely.

139.     Denied.  The allegations in paragraph 139 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 139.

140.     Denied.  The allegations in paragraph 140 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 140.

141.     Denied.  The allegations in paragraph 141 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 141.

142.     Denied.

## V.     CLASS ACTION ALLEGATIONS

143.     Defendant restates its responses to paragraphs 1-143 above as fully set forth herein.

144.     The allegations in paragraph 144 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

145.     The allegations in paragraph 145 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

146.     The allegations in paragraph 146 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

147.    The allegations in paragraph 147 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

148.    The allegations in paragraph 148 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

149.    The allegations in paragraph 149 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

150.    The allegations in paragraph 150 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

151.    The allegations in paragraph 151 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

152.    The allegations in paragraph 152 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

153.    The allegations in paragraph 153 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

154.    The allegations in paragraph 154 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies that the Second Amended Complaint may be maintained as a class action.

## VI.    CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT—Spring 2020 Term

155.    Denied.  Defendant restates its responses to paragraphs 1-154 above as fully set forth herein.

156.    Denied.  The allegations in paragraph 156 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 156.

157.    Denied.  The allegations in paragraph 157 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 157.

158.    Denied.  The allegations in paragraph 158 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 158.

159.    Denied.  The allegations in paragraph 159 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 159.

160.    Denied.  The allegations in paragraph 160 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 160.

161.    Denied.  The allegations in paragraph 161 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 161.

162.    Denied.  The allegations in paragraph 162 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 162.

163.    Denied.  The allegations in paragraph 163 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 163.

164.    Denied.  The allegations in paragraph 164 contain argument, legal principles, and/or conclusions of law, and thus no response is required.  To the extent a response is required, Defendant denies each and every allegation in paragraph 164.

## VII.    AFFIRMATIVE DEFENSES

While specifically denying any liability to Plaintiffs and without assuming any legal or factual burden not otherwise assigned to it by virtue of listing these affirmative defenses, Defendant asserts the following affirmative defenses.  Defendant reserves the right to assert additional defenses and/or amend these defenses, as warranted by facts learned through investigation and discovery.

### First Affirmative Defense

The Second Amended Complaint, and each and every count alleged therein, fails, in whole or in part, to state a claim upon which relief may be granted.

### Second Affirmative Defense

The claims of Plaintiffs and the putative class are barred by the Plaintiffs' contract with Defendant.

### Third Affirmative Defense

The claims of Plaintiffs and the putative class are barred in whole or in part by Defendant's complete performance of the parties' agreement.

### Fourth Affirmative Defense

The claims of Plaintiffs and the putative class are barred in whole or in party by the educational malpractice doctrine and public policy.

### Fifth Affirmative Defense

The claims of Plaintiffs and the putative class are barred in whole or in part by the doctrine of estoppel.

### Sixth Affirmative Defense

The claims of Plaintiffs and the putative class are barred in whole or in part by the doctrine of waiver.

### Seventh Affirmative Defense

The claims of Plaintiffs and the putative class are barred in whole or in part by the doctrine of acquiescence.

### Eighth Affirmative Defense

The claims of Plaintiffs and the putative class are barred in whole or in part by the doctrine of assumption of risk.

### Ninth Affirmative Defense

The claims of Plaintiffs and the putative class are barred by the doctrine of frustration of purpose.

### Tenth Affirmative Defense

The claims of Plaintiffs and the putative class are barred by the doctrine of impracticability.

## Eleventh Affirmative Defense

The claims of Plaintiffs and the putative class are barred by the doctrine of impossibility of purpose.

## Twelfth Affirmative Defense

The unjust enrichment claim is barred because there is an adequate (albeit unviable) remedy at law.

## Thirteenth Affirmative Defense

The claims of Plaintiffs and the putative class are barred, in whole or in part, by the doctrines of setoff and/or recoupment.

## Fourteenth Affirmative Defense

The claims of Plaintiffs and the putative class are barred to the extent Plaintiffs and putative class members, or any of them, lack standing.

## Fifteenth Affirmative Defense

The claims of Plaintiffs and the putative class are barred to the extent Plaintiffs and putative class members, or any of them, have unclean hands.

## Sixteenth Affirmative Defense

The claims of Plaintiffs and the putative class are barred in whole or in part by the doctrine of election of remedies.

## Additional Affirmative Defenses

Plaintiffs' Second Amended Complaint is vague and set forth in conclusory terms and as such, Defendant cannot fully anticipate all affirmative defenses that may be applicable. Accordingly, Defendant reserves the right to amend its Answer to add such other further defenses and/or counterclaims as become available and apparent during the course of discovery in this action.

35

Dated:  April 11, 2022                         Respectfully submitted,

*/s/ Anton Metlitsky*

Anton Metlitsky (*pro hac vice*)
ametlitsky@omm.com
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone:    (212) 326-2000
Facsimile:    (212) 326-2061

Matthew Powers (*pro hac vice*)
mpowers@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone:    (415) 984-8700
Facsimile:    (415) 984-8701

Victoria L. Steinberg, BBO #666482
Rebecca M. O'Brien, BBO #693592
TODD & WELD LLP
One Federal Street
Boston, MA  02110
Telephone:   (617) 624-4714
Facsimile:    (617) 624-4814
vsteinberg@toddweld.com
robrien@toddweld.com

*Attorneys for Defendant*
*President and Fellows of Harvard College*

## **CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent

electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

and paper copies will be sent to those indicated as non-registered participants on April 11, 2022.

*/s/Anton Metlitsky*

Anton Metlitsky (*pro hac vice*)
