**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| ABRAHAM BARKHORDAR, SARAH ZELASKY, AND ELLA WECHSLER-MATTHAEI, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>PRESIDENT AND FELLOWS OF HARVARD COLLEGE,<br><br>    Defendant. | No. 1:20-cv-10968-AK |

## THE PARTIES' AMENDED LOCAL RULE 16.1(d) JOINT STATEMENT

Plaintiffs, Abraham Barkhordar, Sarah Zelasky and Ella Wechsler-Matthaei, and

Defendant, President and Fellows of Harvard College, by and through their undersigned counsel,

hereby submit their Amended Joint Statement per Rules 16(b) and 26(f) of the Federal Rules of

Civil Procedure, Rules 16.1(d) and 26.1 of the Local Rules for the District of Massachusetts, and

this Court's Notice of Scheduling Conference dated April 14, 2022.  If the Court determines that

a scheduling conference is necessary, the parties jointly request a remote hearing to be conducted

over Zoom.

**A. Meet and Confer.**

Counsel for the parties met and conferred telephonically on April 20, 2022 to discuss (1)

preparing an agenda of matters to be discussed at the scheduling conference, (2) preparing a

proposed pretrial schedule for the case that includes a plan for discovery, and (3) considering

whether they will consent to trial by a Magistrate Judge.  The results of that conference, and

follow-up meet and confer efforts, are set forth below.

**B.      Proposed Discovery and Motion Schedule.**

1. *Initial Disclosures.*  Initial disclosures required by Fed. R. Civ. P. 26(a)(1) were previously exchanged on November 13, 2020. Without alteration of the parties' obligations under Fed. R. Civ. P. 26(e), the parties agree to exchange any amended or supplemental initial disclosures by May 23, 2022.

2. *Amendments to Pleadings.*  Except for good cause shown, no motions seeking leave to add new parties or to amend the pleadings to assert new claims or defenses may be filed after July 20, 2022.

3. *Fact Discovery – Interim Deadlines.*  All requests for production of documents and interrogatories, and all requests for admission, must be served by November 23, 2022.

4. *Class Certification.*  Plaintiffs' Motion for Class Certification must be filed by December 14, 2022; Defendant's response to Plaintiffs' Motion for Class Certification must be filed by January 25, 2023; and Plaintiffs' reply in support of Plaintiffs' Motion for Class Certification must be filed by February 15, 2023.

5. *Status Conference.*  A status conference will be held on a date convenient for the Court in **February 2023** or on any other date convenient for the Court.

6. *Remaining Fact Discovery, Expert Discovery, Dispositive Motions and Trial Related Deadlines.*  After the Class Certification briefing is complete, but no later than February 22, 2023, the parties agree to submit a joint proposed schedule with deadlines for (i) all remaining fact discovery, (ii) expert discovery, and (iii) dispositive motions, such as motions for summary judgment or partial summary judgment and motions for judgment on the pleadings.

**C.**     **ESI and Form of Document Production.**

The parties will take all reasonable efforts to preserve proportional, relevant, and responsive ESI and agree in good faith to meet and confer regarding the identification of relevant custodians, non-custodial data sources, relevant time period(s), search terms (if and where necessary), and methods to be used to locate potentially responsive documents.

**D.**     **Issues Relating to Claims of Privilege or Other Protections From Disclosure.**

Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, and agree to establish procedures for asserting privilege and work product claims.  The parties will confer and file a Motion for a Proposed Order attaching as an exhibit a proposed Stipulation and Protective Order governing the process for asserting claims of privilege or protection of documents after production in this case.

**E.**     **Desirability of Conducting Phased or Bifurcated Proceedings.**

At this time, the parties continue to confer about potential phased discovery or bifurcation of proceedings.  The parties agree to meet and confer in connection with specific discovery requests as they arise and which may warrant phasing and/or delayed production given the class action nature of this case.

**F.**     **Limitations on Discovery Under Fed. R. Civ. P. 26(b).**

At this time, the parties do not believe that any changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules for the District of Massachusetts are necessary in this case.  To the extent that a potential need to change the limitations on discovery comes to the attention of a party, the parties agree to meet and confer regarding the same.

**G.      Reassignment to Magistrate Judge.**

The parties do not consent to reassignment of this case to a Magistrate Judge for all

purposes.

**H.      Other Orders That Should Be Entered By the Court Pursuant to Rules 26(c), or 16(b) and (c) of the Federal Rules of Civil Procedure.**

Aside from the Stipulation and Protective Order discussed in Section D *supra*, the parties

agree that no other orders should be entered by the Court at this time pursuant to Rules 16(b),

16(c), or 26(c) of the Federal Rules of Civil Procedure.

**I.      Local Rule 16.1(d)(3) Certifications.**

Counsel for Defendant certifies that it has conferred with its client to (1) establish a

budget for the costs of conducting the full course, and various alternative courses, of the

litigation; and (2) consider the resolution of the litigation through the use of alternative resolution

programs such as those outlined in Local Rule 16.4.

Class counsel is conducting this litigation on a contingent basis and will pay for all

litigation-related expenses incurred.  Class counsel will receive fees and/or expense payments

only if and when such an award is approved by the Court. Class counsel maintains that success

through the Court's ADR procedures or other forms of alternative dispute resolution are unlikely

to be successful at this time as a threshold determination by the Court on class certification will

be necessary in advance.  However, the parties agree to revisit the possibility of resolving this

case through ADR procedures at a later date.

**J.      In-Person or Remote Hearings.**

The parties jointly request a remote hearing to be conducted over Zoom for scheduling

and status conferences.

Dated: April 21, 2022

Respectfully submitted,

By: */s/ Matt Powers (with permission)*
Anton Metlitsky (*pro hac vice*)
O'MELVENY & MYERS LLP
7 Times Square
New York, NY 10036
Telephone:     (212) 326-2000
Facsimile:     (212) 326-2061
ametlitsky@omm.com

Matthew Powers (*pro hac vice*)
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111
Telephone:     (415) 984-8700
Facsimile:     (415) 984-8701
mpowers@omm.com

Victoria L. Steinberg, BBO #666482
Rebecca M. O'Brien, BBO #693592
TODD & WELD LLP
One Federal Street
Boston, MA 02110
Telephone:     (617) 624-4714
Facsimile:     (617) 624-4814
vsteinberg@toddweld.com
robrien@toddweld.com

*Attorneys for Defendant*
*President and Fellows of Harvard College*

By: */s/ Daniel J. Kurowski*
Kristie LaSalle (BBO #692891)
HAGENS BERMAN SOBOL SHAPIRO LLP
55 Cambridge Parkway, Suite 301
Cambridge, MA 02142
T: (617) 482-3700
kristiel@hbsslaw.com

Steve W. Berman (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
1301 Second Avenue, Suite 2000
Seattle, WA 98101
T: (206) 623-7292
steve@hbsslaw.com

Daniel J. Kurowski (*Pro Hac Vice*)
Whitney K. Siehl (*Pro Hac Vice*)
HAGENS BERMAN SOBOL SHAPIRO LLP
455 N. Cityfront Plaza Dr., Suite 2410
Chicago, IL 60611
T: (708) 628-4949
dank@hbsslaw.com
whitneys@hbsslaw.com

Warren T. Burns (*Pro Hac Vice*)
LeElle Slifer (*Pro Hac Vice*)
Russell G. Herman (*Pro Hac Vice*)
BURNS CHAREST LLP
900 Jackson Street, Suite 500
Dallas, Texas 75202
T: (469) 904-4550
F: (469) 444-5002
wburns@burnscharest.com
lslifer@burnscharest.com
rherman@burnscharest.com

David Pastor (BBO # 391000)
PASTOR LAW OFFICE, LLP
63 Atlantic Avenue 3rd Floor
Boston, MA 02110
T: 617-742-9700

F: 617-742-9701
dpastor@pastorlawoffice.com

Frederick J. Klorczyk , III (*Pro Hac Vice*)
Alec M. Leslie (*Pro Hac Vice*)
Bursor & Fisher, P.A.
888 Seventh Avenue
New York, NY 10019
T: 646-837-7126
F: 212-989-9163
aleslie@bursor.com

*Attorneys for Plaintiffs, individually and on
behalf of all others similarly situated*

**CERTIFICATE OF SERVICE**

I, Daniel J. Kurowski, certify that, on this date, the foregoing document was served by filing it on the court's CM/ECF system and additionally via electronic mail to all counsel of record.

Dated: April 21, 2021                    By: */s/ Daniel J. Kurowski*